In the Matter of the Petition of HUBERT O. THOMPSON, Commissioner, etc.

Under the provision of the act of 1883, to provide new reservoirs for the city of New York (§ 21, chap. 490, Laws of 1883), which gives a claimant for damages for land taken the right to appeal from a decision of the General Term to this court, the jurisdiction of the latter on such an appeal is governed by the general rules of law regulating appeals to it.

Such an appeal, therefore, does not bring up for review "a question of fact arising upon conflicting evidence." (Code Civ. Pro. § 1337.)

Accordingly, held, where, in proceedings under said act to condemn lands, the proof as to the damages was conflicting, and the award of the commissioners of appraisal was confirmed by the Special Term, its order affirmed by the General Term and no error of law in the proceedings appeared, that this court had no jurisdiction to review said decision.

Reported below, 45 Hun, 261.

(Argued April 21, 1890; decided April 29, 1890.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made May 11, 1887, which affirmed an order of Special Term confirming the award of commissioners of appraisal appointed under the act,

chapter 490, Laws of 1883, awarding damages for lands of Charles B. Meyer taken under said act.

The material facts are stated in the opinion.

*Charles B. Meyer* for appellant. This appeal is authorized by section 21, chapter 490, of the Laws of 1883. (Code Civ. Pro. § 1337.)

*DeLancey Nicoll* for respondent. The damage resulting to the remainder of the appellant's farm from the taking therefrom of land for the uses of the aqueduct could not properly have been the subject of two separate claims, and, therefore, the commissioners did not err in including in their award all damage to the appellant, resulting from the taking of said parcel, however numerous were the elements which contributed to the same. (*Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 N. Y. 98, 123.) Unless the award of the commissioners is grossly inadequate the appellate court will not set it aside. (*N. Y. & M. R. R. Co.* v. *Lent*, 22 N. Y. S. R. 839, 840 ; *In re Thompson*, 14 id. 522, 524 ; *In re Dept. Public Parks*, 53 Hun, 280.) No other objection appears upon the record, and no erroneous principles appear by the record to have been adopted in arriving at the award, and it cannot be assumed by the appellate court that an erroneous principle was followed. (*In re Thompson*, 14 N. Y. S. R. 522, 524.)

EARL, J. Proceedings were instituted under the act (Chap. 490 of the Laws of 1883) to acquire title to the lands of the appellant for the purposes mentioned in the act. Commissioners of appraisal were appointed and the appellant presented to them his claim for damages on account of the land taken. After a hearing, of which no complaint is made, the commissioners awarded to him the sum of $783.20. Their report was confirmed at the Special Term, and the order of the Special Term was affirmed at the General Term, and then the claimant appealed to this court, complaining that the award is too small.

It is provided in section 11 of the act that the commissioners of appraisal shall view the real estate taken and laid down on

the maps, and shall hear the proofs and allegations of the claimant and of the city of New York. In making their appraisal therefor they are manifestly to act upon the information obtained, not only from the evidence produced before them, but from their view of the real estate; and thus their judgment is to be formed as to the amount of damages to be awarded to any claimant.

The evidence in this case was conflicting, and it is not denied that evidence was given on behalf of the city which fully justified the award made. The claimant also had a hearing at the Special Term and still another at the General Term, and now he asks this court to review the judgments of the commissioners, and of the Special and General Terms as to the amount of damages awarded to him upon the conflicting evidence; and this he does under section 21 of the act, which gives a claimant for damages the right of appeal from the determination of the Special Term to the General Term, and from any determination there to this court. The act does not provide what questions shall be open for determination in this court. There is no provision there for the determination of questions of fact upon conflicting evidence in this court, and, therefore, our jurisdiction in this case is governed by the general rules of law regulating appeals to this court; and we find it provided in section 1337 of the Code of Civil Procedure that an appeal to the Court of Appeals from a final judgment, or from an order granting or refusing a new trial in an action, or from a final order affecting a substantial right, made either in a special proceeding or in a summary application after judgment in an action, brings up for review in this court every question affecting a substantial right, and not resting in discretion, which was determined by the General Term of the court below, in rendering the judgment or making the order from which the appeal is taken, "except that a question of fact, arising upon conflicting evidence cannot be determined upon such an appeal, unless where special provision for the determination thereof is made by law." Here, as we have seen, there is no such special pro-

vision, and, therefore, that section of the Code regulates the jurisdiction of this court in the present case.

Hence, as no error of law in the proceedings is pointed out, the order of the General Term should be affirmed, with costs.

All concur.

Order affirmed.