In the Matter of the Petition of HUBERT O. THOMPSON, Commissioner, etc.

Under the provision of the act in relation to the water supply of the city of New York (§ 8, chap. 445, Laws of 1877), which permits an appeal to be taken from the General Term to this court, by a claimant for damages for land appropriated under the act, such appeal does not bring up for revision any question of fact arising upon conflicting evidence, and this court has no jurisdiction to reverse the decision of the General Term unless some error of law be found in the proceedings.

In proceedings under said act, as amended in 1883 (Chap. 490, Laws of 1883), to assess damages caused by the diversion of the water of a river from certain lands, the owner offered evidence of the amount paid by the petitioner for water-rights appurtenant to land near claimants on the same river; this was rejected. *Held*, no error.

Where the award of damages in such a case is a gross sum, it cannot be assumed by this court that the commission failed to take into consideration any specified item of damages, especially where there is conflicting evidence in regard thereto.

(Argued June 11, 1891; decided October 6, 1891.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made May 13,

127  463
133  639
127  463
147  325
127  463
163    9
127    463
75 AD²386

1889, which affirmed an order of Special Term confirming the award of commissioners appointed under the act chapter 445, Laws of 1877, as amended by chapter 490, Laws of 1883, to assess the damages caused by the diversion of the water of the Bronx river from certain lands of Charles Butler.

The facts, so far as material, appear in the opinion.

*William Allen Butler* for appellant. The commission excluded from the award every element and writing relating to the taking and destruction of the water-power; this was error. (*C. B. Co.* v. *Paige,* 83 N. Y. 178; *Clinton* v. *Meyers,* 46 id. 511; 3 Kent's Comm. 439; *Thompson* v. *Crocker,* 9 Pick. 58; *Pitts* v. *Lancaster Mill Co.,* 13 Metc. 156; *Cooper* v. *Hill,* 5 Ohio St. 320; *Palmer* v. *Mulligan,* 3 Caines, 307, 314; *Platt* v. *Johnson,* 15 Johns. 213; *Van Hoesen* v. *Coventry,* 10 Barb. 518; *Thomas* v. *Brackney,* 17 id. 654; *Prentice* v. *Geiger,* 74 N. Y. 341; *Buddington* v. *Bradley,* 10 Conn. 213; *Wadsworth* v. *Tillotson,* 15 id. 366; *Pillsbury* v. *Moore,* 44 Me. 154; *Townsend* v. *McDonald,* 13 N. Y. 391; *Haight* v. *Price,* 21 id. 241; *C. B. Co.* v. *Paige,* 83 id. 178; *F. P. B. Co.* v. *Smith,* 30 id. 44; *Johnson* v. *Jordan,* 2 Met. 239; *Whitney* v. *W. C. Mills,* 24 N. E. Rep. 774; *Groat* v. *Moak,* 94 N. Y. 115.) The commission erred in refusing to take into account all the beneficial purposes for which the claimant's property was available, and in not estimating and awarding proper compensation for taking and destroying the water-power as an existing property, capable of use for all beneficial purposes for which, as a water-power, it was applicable. (*In re Furman,* 17 Wend. 649; *Trustees, etc.,* v. *Denneti,* 2 Hun, 669; *Haslam* v. *G. & S. W. R. R. Co.,* 64 Ill. 353; *Queen* v. *Brown,* L. R. [2 Q. B.] 630; *In re N. Y. C. & H. R. R. R. Co.,* 6 Hun, 149; *Henderson* v. *N. Y. C. & H. R. R. R. Co.,* 78 N. Y. 423.) The commission erred in excluding the evidence offered by the claimant as to the actual value and rental value and the price paid by the city for the water-power in the Bronx river on premises immediately adjoining the

claimant. (*In re N. Y. C. & H. R. R. R. Co.*, 15 Hun, 63; *In re N. Y., L. & W. R. R. Co.* v. *Arnot*, 27 id. 151; *Gardner* v. *Brookline*, 127 Mass. 358; *C. & B. P. Co.* v. *Chicago*, 111 Ill. 651; *C. R. R. Co.* v. *Greeley*, 23 N. H. 242; *Washburn* v. *M. & L. W. R. R. Co.*, 59 Wis. 364; *In re N. Y., L. & W. R. R. Co.*, 33 Hun, 639.)

*Arthur H. Masten* for respondent. On the present appeal the court will not determine any question arising on conflicting evidence. (*In re Thompson*, 121 N. Y. 277.) The question as to whether or not the appellant received sufficient allowance for undeveloped water-power is entirely one of fact arising on conflicting evidence. (*In re Campbell*, 1 N. Y. S. R. 768; 104 N. Y. 658; *T. & B. R. R. Co.* v. *Lee*, 13 Barb. 171; *In re William St.*, 19 Wend. 678; *Haslan* v. *G. & S. R. R. Co.*, 64 Ill. 353; *Tallman* v. *M. E. R. R. Co.*, 121 N. Y. 119; *S. A. R. R. Co.* v. *M. E. R. R. Co.*, 56 Hun, 185; *In re N. Y., L. & W. R. R. Co.*, 33 Hun, 639; *N. Y., L. & W. R. R. Co.* v. *Arnot*, 27 id. 151; *M. R. Co.* v. *Warren*, 6 Mont. 276, 279; *L. R. Co.* v. *Ryan*, 8 So. Rep. 174; *K. C. R. Co.* v. *Splitlog*, 25 Pac. Rep. 202; *Alloway* v. *Nashville*, 88 Tenn. 512; *C. R. R. Co.* v. *Morre*, 124 Ill. 334; *Laflin* v. *C. R. R. Co.*, 33 Fed. Rep. 420.) It was not error on the part of the commission to reject evidence of what the city had paid for certain water-rights appurtenant to a neighboring parcel. (*Huntingdon* v. *Attrill*, 118 N. Y. 365; *Gonge* v. *Roberts*, 53 id. 619; *Blanchard* v. *N. Y. S. Co.*, 59 id. 292; *Mark* v. *G. Ins. Co.*, 14 Wkly. Dig. 338; *E. P. R. R. Co.* v. *Hiester*, 40 Penn. 53; *K. C. R. Co.* v. *Splitlog*, 25 Pac. Rep. 202; *P. R. R. Co.* v. *Zeimer*, 124 Penn. St. 571; *S. A. R. R. Co.* v. *M. E. R. R. Co.*, 56 Hun, 187; *C. P. A. Co.* v. *Brown*, 5 J. & S. 433; *Chandler* v. *Jamaica*, 122 Mass. 306; *Patch* v. *Boston*, 146 id. 57; *People* v. *McCarthy*, 102 N. Y. 630.)

PARKER J. This proceeding was brought pursuant to the powers conferred on the commissioner of public works of the city of New York, by chapter 445 of the Laws of 1877, and

the various acts amendatory thereof, to acquire the right to divert, and keep diverted from the Bronx River, all the water of the river north of, and above the dam at Kensico.

The commissioners awarded to the claimant, who was the owner of a large and valuable farm through which the river ran, damages in the sum of $7,270.

From the order confirming such report and award, successive appeals have been taken by the claimant to this court, the latter appeal being especially authorized by the act of 1877.

But the fact that an appeal to this court is permitted, does not bring up for review a question of fact arising upon conflicting evidence, and this court has no jurisdiction to review the decision of the General Term, unless error of law in the proceedings be found. (*Matter of Thompson*, 121 N. Y. 277.)

That case had its origin in proceedings taken under chapter 490, of the Laws of 1883, but the provision permitting an appeal to the Court of Appeals, is the same as in the act authorizing the proceedings before us, and the decision cited is, therefore, applicable and controlling.

Unless then some error of law requires a reversal, the decision of the General Term must stand.

The only exception to which our attention is called, relates to an effort, on the part of the owner, to prove what had been paid by the petitioner for water rights appurtenant to a neighboring parcel, on the same river. At folio 7467 the counsel for the owner offered to prove that the city of New York purchased from Robert White, the right to divert the waters from one-half of the water-shed of the Bronx river, and paying him the sum of $21,991.66, for such rights, and his privileges in connection with a certain mill, upon what is known as the Powder Mill property at Scarsdale. The commission declined to rule on the offer, at the same time, by its chairman, saying in effect, that a ruling would be made as the evidence should be presented. In that connection no other evidence was offered, and the exception then taken is of course not available. But in view of the stipulation making the evidence as to all parcels, applicable to any other, it is

claimed that this appellant is entitled to the benefit of any exception taken to the rejection of evidence bearing on the question of the value of his water-power.    We shall assume without deciding that this claim is well founded.

Robert White was vested in fee with the riparian ownership in such premises at the time of the commencement of the proceedings to acquire title by the city.    Pending the proceedings he died.    Subsequently, pursuant to an agreement with his heirs, a conveyance was made to the city.

Respecting the manner in which the proof was sought to be made, the owner offered in evidence the deed, which expressed a consideration.    But for the purpose of proving the price paid, it was not competent.    (*People ex rel.* v. *McCarthy*, 102 N. Y. 630.)

One or more witnesses were asked to state the sum paid, and as the objection went solely to the competency of the evidence for any purpose, it must be assumed that the witnesses were competent to answer the question.

And the question then is, was the rejection of the evidence as to the amount paid by the city for the White water-power error for which a reversal should be had.

This question has been presented to the courts of last resort in several of the states, but not with the same result.

In Massachusetts, New Hampshire, Illinois, Iowa and Wisconsin, it is held that actual sales of other similar land in the vicinity, made near the time at which the value of the land taken is to be determined, are admissible as evidence for the purpose of arriving at the amount of compensation. (*Gardner* v. *Brookline*, 127 Mass. 358; *Culbertson & Blair Packing & Prov. Co.* v. *City of Chicago*, 111 Illinois, 651; *Town of Cherokee* v. *S. C. & I. F. Town Lot & Land Co.*, 52 Iowa, 279; *Concord R. R. Co.* v. *Greely*, 23 N. H. 242; *Washburn* v. *Milwaukee & Lake Winnebago R. R. Co.*, 59 Wis. 364.)

While in some of the other jurisdictions, notably Pennsylvania, New Jersey, Georgia and California, it is held that sales of similar property are not admissible for the purpose of prov-

ing the value of property about to be taken. (*East Pa. R. R. Co.* v. *Hiester*, 40 Pa. St. 53; *P. & N. Y. R. R. Co.* v. *Bunnell*, 81 id. 414; *Pa. S. V. R. R. Co.* v. *Ziemer*, 124 id. 560; *Montclair R. Co.* v. *Benson*, 36 N. J. L. 557; *C. P. R. R. Co.* v. *Pearson*, 35 Cal. 247–262; *Selma R. & D. R. R. Co.* v. *Keith*, 53 Ga. 178.)

The reasons assigned for the conclusions reached in the cases last cited are in the main. That the test in legal proceedings is, what is the present market value of the property which is the subject of controversy? It may be shown by the testimony of competent witnesses, and on cross-examination, for the purpose of testing their knowledge respecting the market value of land in that vicinity, they may be asked to name such sales of property, and the prices paid therefor, as have come to their attention. But a party may not establish the value of his land by showing what was paid for another parcel similarly situated, because it operates to give to the agreement of the grantor and grantee the effect of evidence by them, that the consideration for the conveyance was the market value, without giving to the opposite party the benefit of cross-examination to show that one or both were mistaken. If some evidence of value, then *prima facie* a case may be made out so far as the question of damages is concerned by proof of a single sale, and thus the agreement of the parties, which may have been the result of necessity or caprice, would be evidence of the market value of land similarly situated and become a standard by which to measure the value of land in controversy. This would lead to an attempt by the opposing party to show, first, the dissimilarity of the two parcels of land; and, second, the circumstances surrounding the parties which induced the conveyance. Such as a sale by one in danger of insolvency, in order to realize money to support his business, or a sale in any other emergency which forbids a grantor to wait a reasonable time for the public to be informed of the fact that his property is in the market. Or, on the other hand, that the price paid was excessive and occasioned by the fact that the grantee was not a resident of the locality,

nor acquainted with real values, and was thus readily induced to pay a sum far exceeding the market value.

Thus each transaction in real estate claimed to be similarly situated might present two side issues which could be made the subject of as vigorous contention as the main issue, and if the transactions were numerous it would result in unduly prolonging the trial and unnecessarily confusing the issues, with the added disadvantage of rendering preparation for trial difficult.

Our attention has not been called to a case in this court where the question has been passed upon in the manner here presented, but there are a number of decisions indicating the tendency of the court to be against proving value by evidence of the selling price of similar property.

In *Huntington* v. *Attrill* (118 N. Y. 365) the defendants attempted to prove the value of certain seaside property by showing the value of other property of the same general character situated in different places, and Judge BRADLEY, speaking for the court, said: "It may be that such evidence would have furnished some guide for estimate of the value of the property, but might not. Such evidence would present collateral issues which might, and very likely would, involve a variety of considerations having relation to similarity or difference, and to advantages and disadvantages of the different properties in numerous respects as compared with that in question. It is quite well settled that evidence of that character is not admissible upon the question of the value of property in controversy."

The question was not necessarily before the court in *People ex rel.* v. *McCarthy* (102 N. Y. 630–638), but Chief Judge RUGER, referring to the question whether the price paid on sales of real estate between individuals is admissible as evidence of value, said: "We think it quite clear, however, that such price is not in any view competent evidence of value."

In *Blanchard* v. *N. J. Steamboat Co.* (59 N. Y. 292), the defendant attempted to show the value of a sunken steamboat by proving the value of other steamboats with which she

could be compared, and it was held that the evidence was not competent.

In *Langdon* v. *The Mayor, etc.,* (59 Hun, 434), the objection was that other evidence should be produced to establish the fact sought to be proven (page 439), so that the question of the relevancy of the evidence was not before the court. We are of the opinion that the value of property which depends upon the presence or absence of inherent qualities not necessarily present or absent in other and similar property cannot be proved by showing the price paid for such other and similar property.

The value of property having a recognized market value such as number one wheat and corn, may of course be proven by showing the market prices, but the value of property which is dependent upon locality, adaptability for a particular use, as well as the use made of property immediately adjoining, may not be shown by evidence of the price paid for similar property.

Even under the Massachussetts rule, a reversal would not be justified because of the extent of the discretion vested in the judge or officer presiding at the trial to determine whether such evidence is admissible, depending of course on various elements such as the nearness or remoteness of the time of sale; whether the premises are far separated; the condition of the property about the parcel sold and the use made of it, which may have operated to enhance or diminish its selling value; the similarity of the property, not only as to description, but as to its availability for use. (*Chandler* v. *Jamaica Pond Aqueduct Co.,* 122 Mass. 305; *Gardner* v. *Brookline,* 127 id. 358–363, and cases cited.)

In point of time the White sale was a year and one-half prior to the date when the offer was made to prove it.

. The White water-power was in actual use in the operation of a mill, while the water-power of Mr. Butler had not been utilized in any degree whatever. True, as much water will be diverted from the Butler property as the White property, but it does not follow that the respective water-powers are of equal value.

The value of a water-power depends on its availability for use. And as a matter of common observation, that at certain points along a stream the water-power can be more readily and cheaply made available for industrial purposes than at others.

So, if appellant's contention as to the admissibility of evidence of that character could be allowed, we should necessarily reach the conclusion that the nature of the evidence offered as to similarity, was not of such a character as to authorize a court to hold, as matter of law, that the commission improperly exercised their discretion in refusing to admit proof of the price paid for the White parcel.

The appellant asserts that the commission refused to award damages for the injury to the claimant's water-power, and insists that in so doing they committed an error in principle which may be reviewed in this court.

After a thorough examination of the record and a careful consideration of the argument in behalf of appellant, the conclusion is reached that this court is not warranted in determining that an award was not made for such damages, as in the judgment of the commission, the claimant will sustain, because of injury to his water-power.

The claimant owned about 358 acres of land covering 4,238 feet on the east bank of the Bronx river and about 4,636 feet on the west bank, and for the reduction in the volume of water which naturally flows over this course occasioned by the diversion on the part of the city, the commission awarded to him $7,270. This award was made in gross, no items being given, and it is, therefore, impossible to determine what portion of it was allowed for injury to the tract, because of the lessening of the flow of the stream, or what part of it was an award for damages to the water-power.

Neither in the report nor in the conduct of the trial is there any indication that it was determined that the water-power was of no value.

On the contrary, the commission received a large amount of expert testimony, offered by the claimant, tending to show that the water-power was of considerable value.

No evidence in that direction was rejected, save that which tended to prove the price paid by the city for the White water-power. And it should be assumed that they gave to this evidence such weight as it was entitled to. Claimant's experts, it is true, testified that the water-power alone was of far greater value than the entire amount of the award, but, on the other hand, the evidence on the part of the city tended to show that it had little or no value.

In making their appraisal, they were not required to adopt the estimate of claimant's experts, but were manifestly called upon to base their award upon all the information obtained, "not only from the evidence produced before them, but from their view of the real estate." (*Matter of Thompson*, 121 N. Y. 277.) This we are bound to assume, in the light afforded by the record, was done.

Our attention is called to the expressions of opinion, both at Special and General Terms, to the effect that the water-power has no apparent value. But it does not follow that such was the determination of the commissioners, nor can it be assumed because of the opinion of the judges sitting in review that the commission entertained the same view.

There are no other questions requiring consideration.

The order should be affirmed.

All concur.

Order affirmed.