### LIVINGSTON v. METROPOLITAN EL. RY. Co. *et al.*

*(Superior Court of New York City, General Term. February, 1892.)*

ELEVATED RAILWAYS—DAMAGES—RENTAL VALUES—COMPETENCY OF WITNESSES.

Where witnesses had previously shown themselves to have had experience and opportunities of observation as to the rents of real estate in the vicinity of an elevated railway, and had given facts as to numerous specific pieces of property there, as to which they had personal knowledge, they were properly allowed to testify as to "the course of rents in general" in that vicinity since the erection of the road and for a few years previous thereto.

Appeal from judgment on report of referee.

Action by Julia Livingston against the Metropolitan Elevated Railway Company and another. From a judgment for plaintiff, defendants appeal. Affirmed.

For former reports, see 16 N. Y. Supp. 110, and 17 N. Y. Supp. 486.

Argued before SEDGWICK, C. J., and DUGRO and GILDERSLEEVE, JJ.

*Davies & Rapallo,* (*Herbert Barry,* of counsel,) for appellants. *Olin, Rives & Montgomery,* (*George L. Rives,* of counsel,) for respondent.

, GILDERSLEEVE, J. The judgment enjoins the defendants from operating their elevated railway in front of the premises Nos. 76 and 78 West Broadway, in the city of New York, but permits the defendants to pay to plaintiff the sum of $4,000, with interest from the date of the report, in avoidance of the injunction, and also awards to plaintiff the sum of $366.66, past damages, together with costs and allowance. A careful examination and analysis of the evidence satisfy us that the damages for loss of rent and the allowance in avoidance of the injunction are fully warranted. The evidence shows substantial injury, and the awards are not excessive. The alleged error which

is urged by the appellants as the principal ground of reversal arose upon the admission by the learned referee, under the objections and exceptions of the defendants, of testimony as to "the course of rents in general on West Broadway, in the neighborhood of the premises in question, since the erection of the elevated railroad, and for a few years previous thereto." This inquiry was addressed to certain witnesses called by the plaintiff, who had previously fully stated their experience and opportunities of observation as to rents of real estate in the vicinity of plaintiff's property, and had given facts in regard to numerous specific pieces of property, as to which they had personal knowledge. They had also given their opinions generally as to past and present values of this and adjacent property. We think the character of inquiry on the subject of rent, and also of fee values, in the questions challenged by defendants, was proper. The questions called for a statement of fact from witnesses who had shown themselves competent to testify in respect of the subject-matter under investigation. It was not strictly opinion evidence. It was a grouping of facts too numerous to require statement in detail. We find no substantial error in the rulings of the referee. The judgment must be affirmed, with costs. All concur.