BETJEMAN *v.* NEW YORK EL. R. Co. *et al.*

*(Common Pleas of New York City and County, General Term.* November 7, 1892.)

**1. APPEAL—REVIEW—WEIGHT OF EVIDENCE.**

The decision of a referee on a question of fact will be upheld on appeal, unless it appears to be manifestly against or contrary to the evidence.

**2. ELEVATED RAILROADS—BENEFIT TO ABUTTING PROPERTY—FINDINGS OF REFEREE.**

In an action to enjoin the maintenance and operation of an elevated railroad in front of plaintiff's premises, the referee properly refused to find that "the proximity of defendants' station is advantageous to all the stores on plaintiff's premises," from evidence that the number of persons passing such stores was largely increased by the presence of the elevated railroad and station, as such evidence was not conclusive.

**3. SAME—VALUE OF EASEMENTS—RELEVANT FACTS.**

The referee properly refused to find the value of plaintiff's easements in themselves and apart from the property, as such finding was immaterial and irrelevant.

**4. SAME—DAMAGES—NOISE.**

The judgment entered on the report of the referee, awarding "compensation for permanent depreciation of plaintiff's premises caused by the noise of defendants' railway," is not objectionable, as it appears from the referee's conclusions of law that no such element entered into his estimate of fee damage.

Appeal from judgment on report of referee.

Action by Nicholas Betjeman against the New York Elevated Railroad Company and the Manhattan Railway Company to enjoin the maintenance and operation of an elevated railroad in the street in front of plaintiff's premises, and for damages. From a judgment for plaintiff, awarding an injunction and damages, defendants appeal. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Davies & Rapallo, (Julien T. Davies* and *J. C. Thomson,* of counsel,) for appellants. *Sackett & Bennett, (Charles Gibson Bennett,* of counsel,) for respondent.

PRYOR, J. Appellants impugn the judgment because of an excessive allowance for fee and rental damages; but, then, with commendable candor, their counsel concedes the existence of evidence tending to support the judgment. In reviewing the decision of the trial court on a question of fact, the appellate tribunal, even of the same court, exercises no arbitrary power in its determination. The general term is still controlled by the evidence; and, to authorize a reversal of the finding below, it is requisite, not only that the proof appear upon paper to preponderate in favor of the appellant, but that the preponderance be so clear and decisive as to compel the inference that the trial court erred in its conclusion. *Baird* v. *Mayor,* 96 N. Y. 567. On appeal from the judgment of a general term reversing the judgment of a referee on a question of fact, the court of appeals has the same jurisdiction in reviewing the evidence that we have on appeal from a decision at special term. The limits of this jurisdiction are clearly defined by adjudged cases. "When there is evidence on both sides, and the case is balanced, and the mind of the court has been called upon to weigh conflicting statements and inferences, and decide upon the credibility of opposing witnesses, much weight must be accorded to the special adaptation of the trial court to investigate and determine such questions." *Baird* v. *Mayor,* 96 N. Y. 577. "The general disposition of the courts is to sustain the referee in his findings of fact. * * * If, when reading the evidence, this court should be of the opinion that the conclusion might well have been either way, then the fact that the referee saw the witnesses, heard them testify, and had the nameless opportunities of judging of their character that personal acquaintance only can give, should induce us to defer to his judgment. If, upon the other hand, we are clear that he erred in deciding the facts, we are bound to reverse his judgment." *Westerlo* v. *De Witt,* 36 N.

Y. 340, 344, 345. "It is not the same question as if we inquired whether we should have found the same facts in the same way as did the referee. It is rather, are we so certain that the referee was in error as that we will assume to reverse this judgment?" *Crane* v. *Baudouine*, 55 N. Y. 256, 264. "The decision of the referee will be upheld, unless it appears to be manifestly against or contrary to evidence." *Sherwood* v. *Hauser*, 94 N. Y. 626. Applying the rule thus prescribed by the court of appeals in estimating the weight of the evidence upon the issue before the referee, we cannot say that it so preponderates against his decision as to require its reversal. But appellants impute error to the refusal of the referee to find that "the proximity of the defendants' station is advantageous to all the stores on plaintiff's premises." It is not error to refuse a finding unless the fact be established by conclusive evidence. *Stewart* v. *Morss*, 79 N. Y. 629; *Andrews* v. *Raymond*, 58 N. Y. 676; *Thompson* v. *Bank*, 82 N. Y. 1; *James* v. *Cowing*, Id. 449, 458.

Appellants contend, however, that since the referee found that "the number of persons passing through Third avenue, and past the premises in suit and the stores on said premises, is multiplied and increased to a larger extent by the presence of the elevated railroad and its station," it results, as a conclusion of law, that all the stores were benefited by the railroad. We are not aware of the legal presumption upon which appellants rely, nor can we concede it to be an inevitable inference of fact that an increase in the number of passengers on a street involves a necessary enhancement of value in all property on the street. Whether that be the consequence depends upon the peculiar situation, character, and uses of the property, and a diversity of other circumstances,—all of which, we are to assume, were of due weight upon the judgment of the referee. He did find that from the augmented volume of passage along the street advantage ensued to the corner store; but this may be, and yet the side store received no benefit from the same cause. The fact was for determination by the referee, and we are not authorized by the evidence to rule that the contrary of his findings was conclusively established. *Bohm* v. *Railway Co.*, 129 N. Y. 576, 585, 29 N. E. Rep. 802, is not an authority upon the point in discussion, for there the facts requested to be found "had been established by uncontradicted evidence," and the court had "refused to find them because they were in his judgment immaterial."

Again, appellants challenge the judgment for error of the referee in refusing to find that "the easements, if any, appurtenant to the land described in the complaint, and taken for said railroad uses, aside from any consequential damages, if any, to the said premises, from the said taking, have in themselves only a nominal value." If it be possible to form a conception of an easement separate and apart from the tenement to which it is attached, at all events here plaintiff's rights in highway were appurtenant to his abutting property; and the question for decision was, not the value of those rights in themselves, but their value in connection with that property. The principle of their value was their effect on the property, and the measure of their value the amount of depreciation of the property caused by their severance from it. *Bohm's Case, supra.* In no aspect of the case, therefore, was the value of the easements in themselves, and apart from the property, a relevant or material fact. The only relevant or material inquiry before the referee was the value of the easements as appurtenant to the property, and he was in the right when he refused a finding upon a purely abstract and impertinent proposition. But, argues the learned counsel for appellants, by declining to find the easements, in themselves, to be only of nominal value, the referee, by implication, affirmed them to be of substantial value; and that would have been the legal inference had the fact been relevant and material to the issues under investigation. The question propounded to the referee not being in the case, the presumption is that he declined to solve it because foreign to the controversy.

Finally, appellants object to the judgment because it "awards compensation for permanent depreciation of plaintiff's premises caused by the noise of defendants' railway." Two answers to the contention are obvious upon the record: *First*, it is apparent from the referee's fourth conclusion of law that no such element entered into his estimate of fee damages; and, *secondly,* that, were it otherwise, the error is not presented by a sufficient exception. *Messenger* v. *Railway Co.,* 129 N. Y. 502, 29 N. E. Rep. 955; *Mitchell* v. *Railroad Co.,* 132 N. Y. 552, 30 N. E. Rep. 335.

Judgment affirmed, with costs. All concur.