GOLDEN *et ·al.* *v.* METROPOLITAN EL. RY. CO. *et al.*

*(Common Pleas of New York City and County, General Term.* November 7, 1892.)

1. APPEAL—AFFIRMANCE—DISCRETION OF TRIAL COURT.
   In an action to enjoin the maintenance and operation of an elevated railroad in the street in front of plaintiffs' premises, the decision of the trial court, fixing the fee damage at $2,000 in excess of the estimate of plaintiffs' witnesses, cannot be reversed on appeal, where said estimate made no allowance for subsequent expenditures on plaintiffs' building, and the evidence showed that the premises would have had the general advance in value which was shown in properties along adjacent streets not affected by the railroad.

2. ELEVATED RAILROADS—DAMAGES—NOISE.
   Noise is an element of past damage, though not of fee damage.

3. SAME—RENTAL VALUES—EVIDENCE.
   The court properly excluded evidence that the rent of particular houses on an adjacent street was higher before the construction of the road, but properly admitted, as competent, evidence that the general course of rentals in the adjacent street was lower since the construction of the road.

4. ABATEMENT—ANOTHER ACTION PENDING.
   The pendency of a common-law action for past damage was not a bar to the recovery of such damage in an action to enjoin the operation of an elevated railroad, where it was not pleaded as a defense, and where plaintiffs tendered a discontinuance.

Appeal from equity term.

Action by Agnes Graham Golden and Charles Golden, Jr., as executors of Charles Golden, deceased, and Agnes Graham Golden, individually, against the Metropolitan Elevated Railway Company and the Manhattan Railway Company, to enjoin the maintenance and operation of the elevated railroad in the street in front of plaintiffs' premises. From a judgment for plaintiffs, awarding an injunction and damages, defendants appeal. Affirmed.

Argued before BOOKSTAVER and PRYOR, JJ.

*Samuel Blythe Rogers*, *(Julien T. Davies* and *Samuel Blythe Rogers*, of counsel,) for appellants. *Henry Schmitt*, *(Henry Schmitt* and *E. W. Tyler*, of counsel,) for respondents.

PRYOR, J. With impressive earnestness the learned counsel for appellants contends that the award of damages, past and permanent, is for amounts quite beyond any sums which the proof authorizes. We do not so understand the evidence. In deference to the insistence of counsel, we have examined the record with uncommon care, and the result is a persuasion that the conclusion of the trial court is not without adequate support. The special point, so confidently urged, that the fee damage is $2,000 in excess of the estimate of respondents' own witness, however startling in the statement, ceases to be of force when we consider that the estimate makes no allowance for the subsequent expenditure in improvement of the building. Then, too, the evidence is ample to justify an inference that, but for the railroad, the value of the premises would have exhibited that general advance so conspicuous in properties along adjacent streets not affected by the railroad. At all events, these were circumstances for consideration by the learned trial judge; and we are not to substitute our judgment for his in deducing conclusions from

evidence of so equivocal or ambiguous an import as to be susceptible of diverse constructions. . Since the proscription by the court of last resort of all direct testimony to the effect of the railroad on the value of property, the fact is to be ascertained only by evidence, at best, of an indeterminate and inconclusive character; and the case must be peculiar indeed in which the judicial mind can repose upon the assurance of an absolute conviction. We may doubt the correctness of the decision below, we may even incline to a contrary conclusion, and still we shall not be authorized to reverse the judgment. *Betjeman* v. *Railroad Co.*, 20 N. Y. Supp. 628, (herewith decided.)

But the judgment is challenged for error in law, and we are to determine whether it be so invalidated. It is an unquestionable proposition that noise is not an element of fee damage, and, in effect, the trial judge so rules in his conclusions of law. . But appellants say that nevertheless allowance is made for noise in the award of such damage. We do not so read the record. True, noise is found as a fact, and rightly, because it is an element of past damages. (*Kane* v. *Railroad Co.*, 125 N. Y. 165, 26 N. E. Rep. 278; *Messenger* v. *Railroad Co.*, 129 N. Y. 503, 29 N. E. Rep. 955; *Moore* v. *Railroad Co.*, 130 N. Y. 523, 29 N. E. Rep. 997; *Mitchell* v. *Railroad Co.*, 132 N. Y. 553, 30 N. E. Rep. 385;) but that it entered into the estimate of fee damage is not apparent. At most, the argument of appellants warrants a conjecture that possibly evidence legitimately in the case may have been applied to an improper purpose, but this is not a sufficient demonstration of error. *Mitchell* v. *Railroad Co.*, 132 N. Y. 552, 30 N. E. Rep. 385; *Messenger* v. *Railroad Co.*, 129 N. Y. 503, 29 N. E. Rep. 955.

Appellants offered proof of the specific rent, in 1876, of particular houses in Houston street, but on respondents' objection the evidence was excluded. The respondents had previously tendered evidence, which on appellants' motion was rejected, of the rent of a house in the vicinity and on the same street with the premises in question. Adhering to the rule which appellants themselves had procured to be established for the trial of the case, the court denied their offer, but received evidence of the general course of rentals in Houston street; that is, whether they were higher or lower. The witness testified that the rents were lower since the construction of the railroad. The court was not only consistent, but was correct, in its ruling. That, as a general fact, rental values have diminished since the presence of the railroad is competent evidence, (*Drucker* v. *Railway Co.*, 106 N. Y. 157, 12 N. E. Rep. 568;) not so proof of the special rent of a particular house on another street, "not," as the court observed, "in the immediate vicinity," (*Doyle* v. *Railway Co.*, 128 N. Y. 488, 28 N. E. Rep. 495.) Were the specific objection to the question untenable,—which, however, it is not,—(*New York El. R. Co.* v. *Fifth Nat. Bank*, 135 U. S. 432, 10 Sup. Ct. Rep. 743,) still the ruling should be sustained, because the evidence was essentially and irreparably incompetent, (*Tooley* v. *Bacon*, 70 N. Y. 34, 37.) In any event, the error, if such it be, was of no prejudice to appellants; for the witness testified that "the rents are less by from $50 to $100 on each house" than before the railroad,—thus showing, not only the fact, but also the ratio, of diminution.

The pendency of a common-law action for past damage was no bar to the recovery of such damage in the present suit, and for two decisive reasons: *First*, the defense was not pleaded; and, *secondly*, the plaintiffs tendered a discontinuance. Observing no error in the record, we must affirm the judgment. Judgment affirmed, with costs.