*Eminent domain — land owners may prosecute such proceedings to a determination — stay of equity suits brought to restrain the operation of an elevated railroad.*

If there be any delay in condemnation proceedings brought by a corporation, the land owner may conduct the same to a conclusion.

Where a proceeding was instituted by a railroad company for the acquisition of the right of way along a certain avenue in a city, and after the commencement thereof several of the parties to the proceeding brought suits in equity to restrain the operation of the road in front of their premises, an order denying the motion of the railroad company to stay all proceedings in such actions until the termination of the condemnation proceedings is improper. (CULLEN, J., dissenting.)

APPEAL by the petitioner, The Brooklyn Elevated Railroad Company, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 14th day of September, 1893, denying the petitioner's motion for an order staying all the proceedings in certain actions until a final order be granted in this proceeding, pursuant to section 3379 of the Code of Civil Procedure.

*Wm. N. Cohen* and *Wm. H. Rand, Jr.*, for the petitioner, appellant.

*S. M. Hoye* and *Francis Russell Whitney*, for the respondents.

DYKMAN, J.:

This proceeding was instituted for the acquisition of the right of way for the railroad along Myrtle avenue in the city of Brooklyn, and after its commencement several of the parties thereto brought suit in equity to restrain the operation of the road in front of their premises.

Thereupon the petitioner made a motion at the Special Term of the court to stay all proceedings in such actions until the termination of the condemnation proceedings. That motion was denied and the petitioner has appealed from the order.

The petitioner has the legal capacity to invoke the exercise of the

right of eminent domain, and, after the payment of the compensation awarded, it has the power to continue the operation of the road.

If there be any delay in the proceedings the land owner may conduct the same to a conclusion as well as the petitioner. (Code Civ. Proc. § 3379.)

In the celebrated *Story* case the Court of Appeals determined that the injunction should not issue until the railroad company had a reasonable time in which to acquire the property of the plaintiff by agreement or proceedings for the condemnation of the same.

A proceeding under the right of eminent domain to ascertain the compensation for private property taken for a public purpose is a simple and satisfactory method, and there is no reason why this petitioner should be embarrassed by suits which can have no beneficial result.

The property owner can receive compensation but once, and no court will restrain the operation of this road so long as the condemnation proceedings are pending.

Our conclusion is that the order should be reversed, with ten dollars costs and disbursements, and the motion should be granted, with ten dollars costs.

PRATT, J., concurred ; CULLEN, J., dissented.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.