(31 Abb. N. C. 269; 7 Misc. Rep. 626.)

### COLTON et al. v. NEW YORK EL. R. CO. et al.

(Common Pleas of New York City and County, Special Term. February, 1894.)

1. EVIDENCE—EXPERT TESTIMONY—VALUE OF REAL ESTATE.

A witness engaged in buying, selling, renting, or appraising real estate, and shown to be possessed of the requisite qualifications, derived from his experience, may give opinion evidence as to the value of real estate at different periods, and as to whether the fee and rental values generally in vicinity have diminished or increased since particular periods.

2. SAME—RELEVANCY.

A witness called as an expert as to value of real estate cannot be asked on his examination in chief as to the value of property other than that in suit, but such inquiries can only be made on cross-examination, for the purpose of testing his credibility or disproving the accuracy of his opinion.

Action by Charles H. Colton and others against the New York Elevated Railroad Company and another for an injunction and damages caused by the taking of easements by defendant's elevated railway.

Upon the trial of this action at the February special term, before Mr. Justice BISCHOFF, certain questions were asked by plaintiffs' counsel of an expert witness as to the fee and rental value of premises along East Thirty-Fourth street, where the property in suit was located, other than the premises in suit. This evidence was objected to on the part of the defendants "on the ground that an estimate of the fee value in other property than that in suit upon the line of defendants' elevated railway is contrary to the law as laid down by the court of appeals. In re Thompson, 127 N. Y. 463, 28 N. E. 389." The evidence was admitted, but a motion by defendants' counsel to strike out was afterwards entertained, argument was had, and time was allowed for the submission of briefs, and thereafter the motion was granted, and the evidence stricken from the record.

J. Aspinwall Hodge, Jr., for plaintiffs.

R. L. Maynard, for defendants.

BISCHOFF, J. Under the ruling of the court of appeals in Re Thompson, 127 N. Y. 463, 28 N. E. 389, I shall feel bound to reject evidence of the prices paid upon actual rentals and sales of particular premises, other than the premises in suit, when it is offered, except on cross-examination. Though the case referred to holds specifically only that the prices paid upon sales of particular premises other than the premises in suit, though in the immediate vicinity, furnish no rational criterion by which to determine the value of the last-mentioned premises, I am unable, upon reflection, to discover any sufficient reason for holding that the criticism of the proffered evidence by the court does not apply with equal force to rentals. The principle underlying the decision was applied in Blanchard v.

Steamboat Co., 59 N. Y. 292, 300; Gouge v. Roberts, 53 N. Y. 619,— both cases of chattel property.

With reference to my intimation that the testimony of plaintiff's witness Martine concerning his opinion of the fee and rental value of particular premises other than the premises in suit should be stricken out, I deduce the following from principle and authority:

1. A witness engaged in the business of buying, selling, renting, or appraising real estate, and shown to be possessed of the requisite qualification, derived from his experience, may testify directly to his opinion concerning the value of the premises in suit at different periods. Clark v. Baird, 9 N. Y. 183; People v. McCarthy, 102 N. Y. 630–639, 8 N. E. 85; Roberts v. Railroad Co., 128 N. Y. 455, 465, 28 N. E. 486; Rog. Exp. Test. § 155, p. 195.

2. He may likewise testify directly to his opinion whether or not fee and rental values generally and in the vicinity of the premises in suit have diminished or increased since particular periods, and to what extent. Drucker v. Railway Co., 106 N. Y. 157, 12 N. E. 568; Golden v. Railway Co., 1 Misc. Rep. 142, 20 N. Y. Supp. 630; Sherwood v. Railroad Co. (Sup.) 12 N. Y. Supp. 852; Livingston v. Railway Co. (Super. N. Y.) 18 N. Y. Supp. 203. The admissibility of the first-mentioned testimony arises from the necessity of the case, the premises in suit being sui generis. The testimony secondly mentioned tends to prove the course of values, and is relevant and material to the question at issue, namely, whether or not the premises in suit have sustained pecuniary damage. Its competency is likewise due to the fact that the witness has special learning and skill in such matters, which he has derived in his particular calling, whereby he is required to keep himself informed thereof.

3. The testimony of a witness called as an expert must, however, as in the cases of other witnesses, be confined to the points in issue. Rog. Exp. Test. § 38, p. 87; Steph. Dig. Ev. art. 49. The value of particular property other than the property in suit is irrelevant. Blanchard v. Steamboat Co., 59 N. Y. 292, 300; Gouge v. Roberts, 53 N. Y. 619. Hence the witness cannot be examined with regard thereto.

4. But, as with other witnesses, one called as an expert to give his opinion may be interrogated concerning matter otherwise irrelevant for the purposes of impeaching his credibility or disproving the accuracy of his opinion on cross-examination. The cross-examining party is, however, bound by the statements of the witness concerning such collateral matter, and may not contradict him. Rog. Exp. Test. § 38, subd. 4, p. 88; People v. Ryan, 55 Hun, 214, 218, 8 N. Y. Supp. 241, and cases there cited; Gandolfo v. Appleton, 40 N. Y. 533; 1 Rice, Ev. p. 632.

It follows that the testimony of plaintiff's witness Martine, with regard to his opinion concerning the fee and rental values of particular premises other than the premises in suit, was inadmissible on the direct examination, and that the objection of defendant's counsel thereto should have been sustained. I do, therefore, now reverse my ruling, direct that the objections be sustained, and the

testimony objected to be stricken out. Plaintiff may, of course, take an exception to this ruling. In what I have said I do not wish to be understood that it is improper to interrogate the witness called as an expert, on the direct examination, concerning the fact of sales or rentals made by him generally or in the vicinity of the premises in suit, and to require the witness to state the particular property sold or rented by him. I mean only to exclude evidence of the sums paid upon such sales or rentals. The fact of sales or rentals by the witness goes to his competency as an expert, and evidence thereof is, for that reason, admissible.