PATRICK HART, Respondent, *v.* THE BROOKLYN ELEVATED RAIL-
ROAD COMPANY and THE UNION ELEVATED RAILROAD COMPANY,
Appellants. ·

*Elevated railroad — action for an injunction and damages — admission of improper*
*evidence — when a judgment will not be reversed therefor — trial properly had at*
*Special Term.*

Upon the trial of an action brought against an elevated railroad company to
enjoin the further operation of the road and for the recovery of the rental and
fee value of the easements taken by it, evidence was admitted as to rental value
of property other than that of the plaintiff before and after the construction of
the road.

*Held,* that although the evidence was inadmissible, still, as the amount allowed
for loss of rental was small and was supported by other competent evidence,
and as upon an examination of the whole case it appeared that the appellant
had not been prejudiced thereby, the judgment would not be reversed.

Such a case is of an equitable character and is properly triable at the Special
Term and a defendant is not entitled to a jury trial.

. APPEAL by the defendants, The Brooklyn Elevated Railroad
Company and The Union Elevated Railroad Company, from a judg-
ment of the Supreme Court in favor of the plaintiff, entered in the
office of the clerk of the county of Kings on the 7th day of Jan-
uary, 1895, upon the decision of the court, rendered after a trial at
the Kings County Special Term, perpetually enjoining the defend-
ants and their servants and agents from maintaining an elevated
structure on Adams street, in the city of Brooklyn, in front of the
plaintiff's premises, unless they pay to the plaintiff a certain sum as fee
damages, and adjudging that the plaintiff recover of said defendants
the damages sustained up to the time of the bringing of the action.

The action was brought to enjoin the further operation of the
defendants' elevated road and for the recovery of the rental and fee
value of the easements taken by them.

*William H. Page, Jr.,* for the appellant.

*Francis R. Whitney,* for the respondent.

BROWN, P. J.:

Upon the trial of this action, the court admitted evidence as to
the rental value of property other than that of the plaintiff before

and after the construction of the defendants' road. The defendants objected to the admission of such testimony and excepted to the ruling of the court.

We are of the opinion that the testimony was inadmissible and should not have been received. (*Huntington* v. *Attrill*, 118 N. Y. 365; *Matter of Thompson*, 127 id. 463.)

The rule stated in those cases is as applicable to rental value as to fee value. In *Matter of Thompson* it was said that " a party may not establish the value of his land by showing what was paid for another parcel similarly situated, because it operates to give to the agreement of the grantor and grantee the effect of evidence by them that the consideration for the conveyance was the market value, without giving to the opposite party the benefit of cross-examination to show that one or both were mistaken." But, although the ruling admitting the testimony was erroneous, we do not think that it affected the result reached by the court. The amount allowed for loss of rental was small and is supported by other competent evidence, and the rule is well settled that a judgment will not be reversed for error in the admission of testimony, when the court is satisfied, upon an examination of the whole case, that the appellant has not been prejudiced thereby. (*McGean* v. *The Manhattan Railway Co.*, 117 N. Y. 219.)

The appellant has not in this case been prejudiced by the testimony admitted, and the judgment must be affirmed.

The defendant also appeals in this and three other cases argued at this term of the court from an order denying a motion to send the cases to the Circuit for trial and also denying a motion to stay the trial of the action pending condemnation proceedings. The cases were all of an equitable character and were properly triable at the Special Term, and defendants were not entitled to a jury trial.*

The condemnation proceedings were commenced after the actions were at issue and upon the calendar of the court for trial. The decision made by this court in *The Matter of the Brooklyn Elevated Railroad* (76 Hun, 79) is not, therefore, applicable, as in that case the actions which were stayed were commenced after condemnation proceedings were instituted.

---

*See *post*, page 259.

The motion was properly denied, and the order must be affirmed. Judgment and order affirmed, with costs.

DYKMAN and PRATT, JJ., concurred.

Judgment affirmed, with costs.