ROSENBLUM v. RILEY.

(Supreme Court, Appellate Term. November 18, 1903.)

1. LANDLORD AND TENANT—FAILURE TO GIVE POSSESSION—DAMAGES.
    In an action for breach of a lessor's agreement to give possession, the measure of the plaintiff's general damage is the difference between the rent reserved and the rental value of the premises.

2. SAME—DAMAGES—EVIDENCE.
    In an action for breach of a lessor's agreement to give possession, evidence of the rent paid by the lessee for other premises claimed to be of a similar character is incompetent.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Michael Rosenblum against Edward Riley on agreement to lease property. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Nathaniel Cohen, for appellant.
Myer Greenberg, for respondent.

BISCHOFF, J. The measure of the plaintiff's general damage was the difference between the rent reserved and the rental value of the premises which were the subject of the lease. Dodds v. Hakes, 114 N. Y. 265, 21 N. E. 398.

The only indication of an excess of rental value over the agreed rent is sought to be afforded by proof of the rent paid by the lessee for other premises claimed to be of a similar character, and that the justice deemed this evidence to afford a basis of damages is apparent from the judgment rendered. It is the established rule in this state that damages founded upon real estate values cannot be proven by comparison between the premises in question and other premises, the policy of the rule being to avoid collateral issues, such as every such comparison would involve. Matter of Thompson, 127 N. Y. 463, 28 N. E. 389, 14 L. R. A. 52; Huntington v. Attrill, 118 N. Y. 378, 23 N. E. 544; Jamieson v. Ry. Co., 147 N. Y. 322, 41 N. E. 693. The reception of this evidence was continuously resisted by the defendant, and the judgment founded upon it is well assailed.

Final order reversed and new trial ordered, with costs to appellant to abide the event. All concur.

¶ 1. See Landlord and Tenant, vol. 32, Cent. Dig. § 453.