In the Matter of the Application of the BOARD OF SUPERVISORS OF THE COUNTY OF HERKIMER, Petitioner, to Acquire Lands, etc., of GUY R. BEARDSLEE and Others, Defendants.

Supreme Court, Herkimer County, June 16, 1932.

*George H. Bunce,* for the petitioner.

*George H. Hall,* for the defendants.

DOWLING, J. The defendants move " for an order removing the commissioners of appraisal, appointed by the Court herein, upon

the ground that they are prejudiced, biased, partial and guilty of misconduct in other particulars, as set forth in the petition herein and appointing successors in their place and stead." Upon the return of the motion, the petitioners, by their counsel, Mr. Bunce, appeared specially and raised certain preliminary objections to the motion. These objections were not particularly stressed. The petitioners apparently desired to have the motion considered upon the merits; hence, these objections are overruled. Defendants' counsel states, in his brief, that no grounds exist for making any charges against Commissioner Fuller. He confines his attack to Commissioners Squires and MacNish. It is quite apparent from the evidence that the thought that these two commissioners were prejudiced, biased, partial and guilty of misconduct did not occur to defendants' counsel until after the supplemental report herein was filed by the commissioners. This is borne out by the following incident which occurred upon the hearing:

" Commissioner Squires: Art is a matter of sentiment and we are trying to keep sentiment out of it.

" Mr. Hall: * * * I don't think you would do it intentionally but you sought to put your opinion in the report upon items whereby you cut down the award to the defendant.

" Commissioner Squires: You say this is a partial commission?

" Mr. Hall: I do not say that. I say you have fallen into that error. It has been pointed out by the Court.

" Commissioner MacNish: I don't think it is unfair for you to say what are the elements.

" Mr. Hall: I have attempted to."

Defendants then had an opportunity to state whether or not, in their judgment, the commission was partial. The question was brought up pointedly by Commissioner Squires. Defendants' counsel specifically stated that he made no such claim. A claim now that the commissioners were partial, etc., comes with poor grace.

Defendants charge that Commissioners MacNish and Squires are impractical, visionary and unfitted for passing upon the matters in question in this proceeding. This court has known Commissioner Squires, personally, for thirty-two years. While he is a professor of psychology, he is in every respect a practical man. He was one of the commissioners who built the Oneida county court house. He was Federal commissioner of jurors in this county for many years. He has owned and operated farms for over thirty years. He served a clerkship in the law office of Hon. Louis M. Martin. The New York Central and West Shore railroads run through his farm, which fact gives him an insight into the hauling of crops across the

same. Commissioner MacNish is an Episcopal clergyman, residing at Cleveland, N. Y. He has lived very largely in country districts, is familiar with farm life and farm problems and with the value of farm lands and is very far from being either impractical or a visionary. Commissioner Fuller was raised on a farm, and was, for many years, counsel for the Dairymen's League and has long been familiar with the value of farm lands and farm problems in general. Commissioner Crandall was a lawyer, living in a rural community and entirely familiar with farm conditions, farm problems and farm values, and a man of sound judgment. The present commissioners are men of unquestioned integrity. Mr. Crandall was an adornment to the bar and a citizen of the highest repute.

This court finds nothing in the arguments of defendants' counsel that would suggest, in the slightest degree, any indication of prejudice, bias, partiality or misconduct upon the part of any of the commissioners. The motion to remove said commissioners is denied upon the merits, with ten dollars costs of motion.

On the 7th of February, 1931, Commissioners Crandall, Squires and MacNish filed their report in this proceeding in the Herkimer county clerk's office, wherein they awarded the defendants the sum of $1,148.60, damages for the land actually appropriated, and $5,610, as the amount of damages resulting to the residue of the farm in question from such appropriation. On March 9, 1931, the commissioners moved for an order confirming said report. Defendants filed exceptions to the report and opposed confirmation. The matter came on for a hearing and the court made the following order: " Ordered that such report be and the same hereby is remitted to such commissioners of appraisal, who are hereby directed to reconvene forthwith and make their supplemental report, setting forth in detail the grounds of their decision and the rule adopted by them in determining consequential damages, the elements considered by them in applying the rule, and the method of computation of consequential damages; also the damages, if any, considering the property as an ancestral home and country estate, and the damages, if any, for any element not heretofore considered by them.

" This commission may call for and receive any further testimony it may desire to enable it to comply with this order."

Pursuant to the aforesaid order, Commissioners Crandall, Squires and MacNish met and entered upon the discharge of their duties, as required by said order. Before they had concluded their efforts in that regard, Commissioner Crandall died and Commissioner Fuller was duly appointed in his place. Proceedings were continued by Commissioners Fuller, Squires and MacNish. On March 31.

1932, said commissioners filed in the Herkimer county clerk's office their report supplementing the original report filed on the 7th of February, 1931, wherein they stated the amount of consequential damages to be $5,367.50. Defendants filed exceptions to said supplemental report. On April 28, 1932, said commissioners gave notice " to all persons interested therein, [that the commissioners] have completed and filed our report, together with the minutes of our proceedings, in the County Clerk's Office of Herkimer County, at Herkimer, N. Y., on the 31st day of March, 1932, and that application will be made to this Court, at a Special Term thereof, appointed to be held on the 6th of June, 1932, * * * for an order confirming said report." Defendants filed objections and exceptions to the supplemental report and oppose confirmation thereof and ask that the commission be removed and the matter sent back to a new commission.

Counsel for the parties to this proceeding have misapprehended the intent of the order above set forth. By denying the motion to confirm the original report, the court did not intend to, and did not, in fact, set aside the report. The report was simply sent back to the commissioners for revision, as provided in section 152 of the Highway Law, with instructions that the commissioners, if any element of consequential damages had been overlooked at the time they filed the original report, might determine the same and that they might take evidence to assist them in complying with the order of the court. Counsel appear to be of the opinion that there are two reports. Such is not the fact. The second so-called report is simply supplemental of the original and must be considered therewith as a part thereof. As the commissioners did not discover any elements of damage which had not been considered already by them at the time they filed the original report, it was unnecessary for them to restate the amount of the consequential damages, and the figure of $5,367.50, specified in said supplemental report as the amount of consequential damages, instead of the sum of $5,610, as found in the original report, may be disregarded as surplusage. Treating the property as a country residence and ancestral home, the commissioners were unable to find that defendants suffered any damages in that respect and they so report.

The report, as supplemented, complies in every particular with the order of the court. The report of the commissioners, taken as a whole, is well supported by the evidence.

The damages awarded are not " obviously and clearly " inadequate, hence, this court has no power to review or set the same aside. (*Matter of City of Rochester*, 234 App. Div. 583, 585.)

Defendants' objections and exceptions to the report of the

commissioners herein, as supplemented, are overruled and the motion to confirm said report, as supplemented, is granted, with costs to the defendants, including an extra allowance of five per cent upon the amount awarded, pursuant to section 16 of the Condemnation Law.

There having been no reassessment of damages, as provided in section 154 of the Highway Law, the plaintiff is not entitled to costs.

Orders will be entered accordingly.