In the Matter of the Application of PUTNAM COUNTY, by Its Board of Supervisors, to Acquire Certain Real Property for Highway Improvement and for the Appointment of Three Commissioners of Appraisal (Brewster-Patterson State Highway No. 5203, Reconstruction, and Brewster Village State Highway No. 5098, Putnam County).

County Court, Putnam County, April 17, 1934.

*F. Leon Shelp*, for the board of supervisors of Putnam county.

*Edward K. Haas*, for George McCall and another.

BAILEY, J.   The commissioners of appraisal in this proceeding qualified on August 27, 1931, by the taking and filing of their oath of office in Putnam county clerk's office. They have now filed their report and made application for the confirmation of the

awards, in which application the petitioner and all of the property owners, save two, have joined.

The proceeding involves all of the land and improvements acquired by the county of Putnam in the town of Southeast in said county for the reconstruction of the highway known as Route 22. Nineteen separate awards aggregating $72,316.40 have been made to an equal number of owners.

Of the two objections which have been filed, one is that of the claimant George W. McCaul, who does not object to the amount of the award for that portion of his land as described upon the maps, and concerning which proof has been taken; but his objection is based upon the ground that an additional parcel of land has been appropriated.

This proceeding only includes such land as is delineated upon the maps which have been filed herein. These awards can only compensate the owners for such parcels as thus described. If more land has been appropriated, this award does not seek to compensate the owner nor does it preclude him from enforcing payment therefor. There is nothing before the court to indicate that more land has been appropriated and the objection will be overruled and the award confirmed.

The second objection filed is that of the claimant Grass Valley Farms, Inc., and enumerates many grounds for opposing the confirmation; but principally that the award is insufficient and inadequate and that the commissioners did not consider all of the elements of damage sustained; also that they disregarded the evidence that a portion of claimant's property had been laid out for sale into building lots and for recreational purposes.

This property was acquired by the present owner in March, 1930, a little more than a year before these proceedings were instituted. The record shows that the entire tract consisted of approximately 469 acres with a large and a small dwelling house, two barns and other outbuildings; also that there was a small pond at the southwesterly corner of the property. The testimony shows that the property is a farm and had always been used for farm purposes.

In this proceeding approximately 2.44 acres were acquired from the 469-acre tract, and the award for the land and consequential damages is $8,889.50. The record is replete with details showing the possibilities of the division of the property into building lots, and its development, particularly of that area near the pond, for recreational purposes. Real estate experts testified at length as to these possibilities; a map, prepared in April, 1933, showing the proposed subdivision, was also introduced into the record by the claimant.

From a careful perusal of the testimony and an inspection of the property, as well as the report of the commissioners, it does not appear to me that the commissioners could have listened to the testimony at such length and entirely disregarded the proof offered by the claimant.

The fundamental rule to be followed in proceedings of this kind has been laid down by the courts of our State to the effect that the claimant is entitled to damages representing the difference between the fair market value of the entire land and that of the remainder after the portion needed has been appropriated, and that in estimating the value of the property left, all damages which may result thereto by reason of the use to which the portion taken is to be put by the petitioner, should be taken into consideration. (*Southern Buffalo Ry. Co.* v. *Kirkover*, 176 N. Y. 301.)

Situations practically parallel with the facts in the present case have frequently been passed upon by our courts. In *Board of Hudson River Regulating District* v. *Willard Realty & Lumber Co., Inc.* (144 Misc. 478), it was held that the mere fact that the property was mapped out into lots and so-called streets laid down upon the map, and nowhere else, did not require the commissioners to consider the property as lots. (See, also, *Adirondack Power & Light Corporation* v. *Evans*, 226 App. Div. 490; *Matter of Department of Public Parks*, 53 Hun, 280; *Matter of New York, L. & W. R. Co.* v. *Arnot*, 27 id. 151.)

It has been repeatedly held by the courts of our State that the commissioners may act upon their own judgment and that the court is without authority to disturb an award because of inadequacy unless it is obviously wrong or unless it is such as to shock the sense of justice of the court, nor unless it is apparent from the record that the commissioners adopted an erroneous theory and ignored the well-established rule as to the measure of damages. (See *Matter of Thompson*, 121 N. Y. 277; *Matter of Bronx Parkway Commission*, 192 App. Div. 412; *Matter of Bensel* [*Southern Aqueduct, Sections 15–17*], 152 id. 499; *Adirondack Power & Light Corporation* v. *Evans, supra; Matter of Board of Supervisors of Herkimer County* v. *Beardslee*, 144 Misc. 797.)

In the report which is before the court for confirmation the commissioners have recited that they heard and considered the testimony; it recites and enumerates the various elements and items of damage and I am unable to find that they adopted any erroneous theory or principle of law such as would permit the court to disturb their findings.

The objection to the report by this claimant is also overruled, and the application to confirm is granted.

An order, when submitted, will be entered accordingly.