ELLA G. JAMIESON et al., Respondents, *v.* THE KINGS COUNTY ELEVATED RAILWAY COMPANY, Appellant.

1. ELEVATED RAILROADS — INJUNCTION. *It seems*, that proof of a substantial and continuing injury to the rental value of abutting property will sustain an action for an injunction against an elevated street railroad; and that the right to such equitable relief will not be defeated by the fact that the injury to the fee value is found to be merely nominal.

2. EVIDENCE. It is not permissible, in such an elevated railroad action, to prove the evil effect of the road in diminishing values, by the process of calling the owners of property in the vicinity and proving, in each case, what the particular premises owned by the witness rented for before the road was built and what thereafter.

*Jamieson* v. *Kings Co. El. R. Co.* (74 Hun, 637), reversed.

(Argued October 16, 1895; decided October 29, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 1, 1893, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This action was brought to restrain the operation and maintenance by defendant of its elevated railroad in front of plaintiffs' premises, No. 799 Fulton street, in the city of Brooklyn, and for the recovery of damages caused thereby.

The judgment decreed the usual injunction against the operation of the defendant's railroad in front of the plaintiffs' premises, and as incidental relief awarded $645 for past or rental damages, and provided for the avoidance of the injunc-

tion on payment of one dollar, found to be the amount of injury done to the fee value.

Further facts, material to the questions presented, are stated in the opinion.

*W. A. Poste* for appellant. It was error to allow the plaintiffs to put in testimony as to the amount of rentals received from other buildings on and near Fulton street before and since the erection of the elevated railroad for the purpose of establishing amount of damages to rental value of their own premises. (*In re Thompson*, 127 N. Y. 463; *Huntington* v. *Attrill*, 118 N. Y. 365; *Gouge* v. *Roberts*, 53 N. Y. 619; *Blanchard* v. *S. Co.*, 59 N. Y. 292; *In re Eysaman*, 113 N. Y. 62; *Foote* v. *Beecher*, 78 N. Y. 155.) The damage to the fee value being merely nominal, that is to say, nothing at all, the plaintiffs were not entitled to injunctive relief, and the complaint should have been dismissed upon the trial. (*Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 N. Y. 98; *Pond* v. *M. El. R. Co.*, 112 N. Y. 186; *Galway* v. *M. El. R. Co.*, 128 N. Y. 132; *Tallman* v. *M. El. R. Co.*, 121 N. Y. 119, 124; *Henderson* v. *N. Y. C. & H. R. R. R. Co.*, 78 N. Y. 423; *A. B. N. Co.* v. *N. Y. El. R. R. Co.*, 129 N. Y. 252; *Bohm* v. *M. El. R. Co.*, 129 N. Y. 576; *T. & B. R. R. Co.* v. *B., H. T. & W. R. Co.*, 86 N. Y. 107, 127; *Wheelock* v. *Noonan*, 108 N. Y. 179; *Murdock* v. *P. P. & C. I. R. R. Co.*, 73 N. Y. 579; *Williams* v. *N. Y. C. R. R. Co.*, 16 N. Y. 97, 111; *Doyle* v. *M. E. R. Co.*, 136 N. Y. 505, 511; 3 Pom. Eq. Juris. 1338, 1347; *People* v. *Canal Board*, 55 N. Y. 390, 397; *Morgan* v. *Binghamton*, 102 N. Y. 500; *Campbell* v. *Seaman*, 63 N. Y. 568, 584, 586; *Moore* v. *Brooklyn, etc., R. R. Co.*, 108 N. Y. 98; *Genet* v. *D. & H. C. Co.*, 122 N. Y. 505, 529; *Gray* v. *M. E. R. Co.*, 128 N. Y. 490, 509; *Lawrence* v. *M. R. Co.*, 35 N. Y. S. R. 39; *Sloan* v. *N. Y. El. R. Co.*, 63 Hun, 301; *Brush* v. *M. R. Co.*, 26 Abb. [N. C.] 73; *Purdy* v. *M. El. R. Co.*, 36 N. Y. S. R. 45; *Lynch* v. *M. El. R. Co.*, 129 N. Y. 274; *Dudley* v. *Congregation, etc., of St. Francis*, 138 N. Y. 451, 459; *Wheelock* v. *Lee*, 74 N.

Y. 495; *Arnold* v. *Angell*, 62 N. Y. 508; *Mitchell* v. *Dow-ell*, 15 Otto, 430; *Buzard* v. *Houston*, 119 U. S. 347.)

*J.Newton Fiero* for respondent.  Proof of rentals of contiguous property is uniformly allowed.  (*Storck* v. *M. El. R. Co.*, 131 N. Y. 519; *Roberts* v. *N. Y. El. R. Co.*, 128 N. Y. 472; *Doyle* v. *M. R. Co.*, 128 N. Y. 495; *Drucker* v. *M. R. Co.*, 106 N. Y. 164.)  Defendant cannot avail itself of an objection to the equity jurisdiction of the court in this case, not having raised that objection by answer.  (*Baron* v. *Korn*, 127 N. Y. 229; *Grandin* v. *LeRoy*, 2 Paige, 509; *Wisewall* v. *Hall*, 3 Paige, 313; *LeRoy* v. *Platt*, 4 Paige, 77; *Cox* v. *James*, 45 N. Y. 557; *Town of Mentz* v. *Cook*, 108 N. Y. 504; *Watt* v. *Adler*, 130 N. Y. 646; *Truscott* v. *King*, 6 N. Y. 147, 165; *Ostrander* v. *Weber*, 114 N. Y. 95, 102; *Hyatt* v. *Ingalls*, 124 N. Y. 124; *Story* v. *M. El. R. Co.*, 90 N. Y. 122; *Lahr* v. *M. El. R. Co.*, 104 N. Y. 268; *Gray* v. *M. El. R. Co.*, 128 N. Y. 501; *McHenry* v. *Jewett*, 90 N. Y. 58; *Health Dept.* v. *Purdon*, 99 N. Y. 237; *Jeffers* v. *Jeffers*, 107 N. Y. 650; *Genet* v. *D. & H. C. Co.*, 122 N. Y. 505; *Thomas* v. *M. P. Union*, 121 N. Y. 45; *MacLaury* v. *Hart*, 121 N. Y. 636; Goddard on Easements, 355, 357, 363, 445; *Shepard* v. *M. R. Co.*, 117 N. Y. 443, 449; *Hussner* v. *B. R. Co.*, 114 N. Y. 433; *Tallman* v. *M. R. Co.*, 121 N. Y. 123; *Abendroth* v. *M. R. Co.*, 122 N. Y. 1; *Meyer* v. *Phillips*, 97 N. Y. 485; *Garwood* v. *N. Y. C. & H. R. R. R. Co.*, 83 N. Y. 404; *Smith* v. *City of Rochester*, 38 Hun, 612; *Galway* v. *M. R. Co.*, 128 N. Y. 147, 153.)

FINCH, J.   I do not think the fact which is explicitly found, that the construction and operation of the defendant's elevated road has injured the fee value of plaintiff's property only to the extent of one dollar, necessarily defeats the equitable right to an injunction, and so defeats the action.  It is further found that the rental value has depreciated to a substantial extent, and for which damages were awarded.  While it is true that usually the fee value rises or falls in proportion to the changes of rental value, that is not always or necessarily

true, and cases are possible in which one remains stationary while the other changes. That is found to be the fact in the present case, and I think that proof of a substantial and continuing injury to the rental value will sustain the equitable action. The wrong done is in the nature of a continuing trespass, involving a multiplicity of actions. The appellant's suggestion is that the finding of an unchanged fee value raises a presumption that there will be no loss of rental value in ·the future, and so no occasion for further suits. To indulge in such a presumption would require us to shut our eyes to the lesson of the past taught by the proofs in respect to this property. I think the action was maintainable and the remedy by injunction a proper one.

But I think, also, that there was error in the admission of evidence which we cannot disregard. The plaintiff sought to prove the evil effect of the road in diminishing values by the process of calling the owners of property in the vicinity and proving, in each case, what the particular premises owned by the witness rented for before the road was built and what thereafter. There were objections and exceptions. Such a process is not permissible. Each piece of evidence raised a collateral issue (*Gouge* v. *Roberts*, 53 N. Y. 619), and left the court to try a dozen issues over as many separate parcels of property. We have held such a mode of proof to be inadmissible. (*Huntington* v. *Attrill*, 118 N. Y. 365; *In re Thompson*, 127 N. Y. 463.) The elevated railroad cases in this court, to which the plaintiff refers us, give no warrant for such a mode of proof, but indicate that the general course and current of values must be shown by persons competent to speak, leaving to a cross-examination any inquiry into specific instances if such be deemed essential. Almost all the evidence of depreciation was of the erroneous character, and we cannot say that it may not have worked harm to· the defendant.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.