(15 Misc. Rep. 8.)

WINTERS v. MANHATTAN RY. CO. et al. (two cases).

(Superior Court of New York City, General Term. December 18, 1895.)

1. ELEVATED RAILROADS—INJURIES TO ABUTTERS—EVIDENCE.
   In an action to recover damages to the rental value of a building, caused by the operation of defendants' elevated railroad, evidence as to the rents paid for other buildings on the same street is inadmissible. Jamieson v. Railway Co., 41 N. E. 693, 147 N. Y. 322, followed.

2. TRIAL—OBJECTIONS TO EVIDENCE—WAIVER.
   A party does not waive his exception to the admission of incompetent evidence by subsequently introducing similar evidence to controvert it.

Appeals from equity term.

Two actions, by Ann Maria Winters, individually and as executrix of William A. Dooley, deceased, against the Manhattan Railway Company and others, to enjoin the operation of defendants' elevated railroad in the street in front of plaintiff's premises Nos. 838, 839, 840, 841, 842, 843, and 847 Third avenue. There was a judgment in favor of plaintiff in each case, and defendants appeal. Reversed.

Argued before FREEDMAN and McADAM, JJ.

Davies, Short & Townsend (Julien T. Davies and Brainard Tolles, of counsel), for appellants.

B. L. Winters (Jesse Stearns, of counsel), for respondent.

FREEDMAN, J. These two actions, which were tried together, were brought to restrain the maintenance and operation of defend-

ants' elevated railway in front of several of plaintiff's premises on Third avenue in the city of New York, and for past damages. In each of the actions the plaintiff recovered the appropriate judgment usually granted in this class of cases.     Upon the trial of the issues, the plaintiff was permitted to prove, as part of her case in the first instance, the rents of other buildings on Third avenue, and the prices paid for other properties on Third avenue, than those in suit.     The defendants seasonably objected to this evidence, and, their objection having been overruled, duly excepted.     In Jamieson v. Railway Co., 147 N. Y. 322, 41 N. E. 693, it was held that such evidence is incompetent and inadmissible, as tending to raise collateral issues.     The counsel for the plaintiff, in his brief, concedes that, according to the decision of that case, the exception taken by the defendants upon the said point was well taken, but he claims that the evidence thus erroneously admitted did, after all, no harm.     A careful examination of the whole case has failed to satisfy me that the defendants were not prejudiced, because the effect of the incompetent evidence was to lend color to the argument that some of plaintiff's property was probably injured more seriously than was discernible from the actual rentals produced.     Nor can I find that the defendants so conducted themselves as to stand precluded from claiming the benefit of the exception.     That they subsequently sought to overcome the effect of the incompetent evidence by giving similar evidence on their part does not constitute a waiver of their exception. They were compelled to do it.

For the error aforesaid, the judgment should be reversed, and new trials ordered, with costs to the appellants to abide the event.