CLINICAL INSTRUCTION CO. v. NEW YORK EL. R. CO. et al.

(Supreme Court, Appellate Division, First Department.  March 20, 1896.)

EMINENT DOMAIN—RENTAL VALUE—EVIDENCE OF DAMAGES.

Damages to rental value of premises, caused by the operation of an elevated street railroad, cannot be proved by owners of property in the vicinity testifying to the rental value of their respective premises before and after the road was built.

Appeal from special term, New York county.

Action by the Clinical Instruction Company against the New York Elevated Railroad Company and another.    From a judgment for plaintiff, defendants appeal.    Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

B. Tolles, for appellants.

J. R. Abney, for respondent.

PATTERSON, J.    It is made to appear very plainly, by the evidence, that the premises involved in this action have been seriously affected by the construction and operation of the elevated railway in front of them.    The structure comes to within a few feet of the front wall of the building, and the depot station and shed extend easterly along Thirty-Fourth street to within 25 feet of the westerly line of the building.    Trains pass every few minutes, and the ordinary ill effects of said conditions are fully pointed out in the proofs.    There was a clear case, therefore, presented for an injunction, or compensation for the taking of easements, in the ordinary form of alternative relief; but there is some difficulty in arriving at what should be fairly allowed as compensation for taking the easements.    The expert testimony, such as it is, is not altogether satisfactory, but there was enough to justify the trial judge in fixing the amount allowed for depreciation of fee value at

the figure he adopted, and, under all the circumstances of the case, we are not disposed to interfere with his conclusion on that subject.

But with reference to the damages allowed for rental value, the judgment cannot be sustained. Almost all that evidence as to depreciation of rental values was of the character condemned in the Jamieson Case, 41 N. E. 693, 147 N. Y. 322, and there was so much of that class of evidence allowed that it could not fail to have been controlling in the decision. In addition to that, it also appears that the plaintiff did not, in reality, suffer any damage by reason of any definite loss of rents, for its relation to the tenant of the premises was such that it seems to have contemplated that the tenant would not pay even such rent as was nominally secured by leases to it, it being the intention of the plaintiff to accept just so much of the agreed amount of rent as the tenant was able to pay. It does not appear that, by reason of the presence and operation of the elevated railway, any smaller amount of rent was fixed or received than would have been demanded or paid had the structure not existed. The element of loss of rental value was, therefore, absent from the case, and the factors to sustain a finding of damage such as would be necessary in a case of this character are not to be found in the proofs before us.

We think, therefore, that the judgment appealed from should be reversed, unless the plaintiff stipulates to waive so much of the judgment as allows a recovery of money damages to rent value. If such stipulation is made, the judgment will be modified by striking therefrom the provision respecting the recovery of damages to rental value, and by reducing the costs as taxed by deducting therefrom the sum of $75, being that much of the extra allowance granted after the trial of this action without costs. If such stipulation is not given, a new trial will be ordered, with costs to the appellant to abide the event. All concur.