ton rods would not remain stationary. In this regard the case is brought within the principle of the decision is Gates v. State, 128 N. Y. 221, 28 N. E. 373, which is controlling upon all the principal points presented by this record. Whether defendant was guilty of negligence which contributed to the injury; whether or not the dangers were open to ordinary observation, and discoverable by plaintiff in the exercise of proper care; or whether they were latent, and not apparent,—presented a question for the jury, and their finding thereon is conclusive.

A more serious question arises respecting the amount of the verdict. It was the left hand that was injured. The physicians who attended plaintiff testified that the middle finger was amputated; that he has only partial motion of the first and third fingers; that the joints are permanently stiff, the power of the hand materially affected, and much pain attended the injury. His services were worth $25. Edward Miller, a physician called for the defendant, stated: That he examined the hand 11 weeks after the injury, and found the middle finger of the left hand had been amputated at the junction of the hand with the finger, the first and third fingers had scars on the palms or surface, and the tendons which extend the fingers were partially contracted; but the bones were in good condition, and the fingers were not absolutely stiff, at the time. He could flex his fingers, and move them back and forth about half way. That continual motion of the fingers would have overcome the stiffness existing at the trial. Plaintiff testified that he had terrible pain for about two weeks, and for five weeks after he had his finger amputated; that he has no pain in his hand now, except when he tries to straighten his fingers; that he has continually tried the movement of his fingers since his injury. The thumb and little finger were not injured. He has been unable to work as before, and cannot use the hand to advantage. We have recently had occasion to state the rule which governs in this class of causes, and it would serve no useful purpose to restate it. De Wardener v. Railway Co. (Sup.) 37 N. Y. Supp. 133 (not officially reported). Applying that rule to the evidence in this case, we think the verdict excessive in amount. Murray v. Railroad Co., 47 Barb. 196; Coppins v. Railroad Co., 48 Hun, 292.

Our conclusion, therefore, is that the judgment and order appealed from be reversed, and a new trial ordered, unless plaintiff stipulates to reduce the judgment to the sum of $5,000; and, if he so stipulates, then the judgment and order appealed from are affirmed, without costs to either party in this court. All concur.

---

(1 App. Div. 526.)

BOETZKES v. MANHATTAN RY. CO. et al.

(Supreme Court, Appellate Division, First Department. February 14, 1896.)

ELEVATED RAILROADS—INJURY TO ABUTTERS—EVIDENCE.

In an action for damages resulting from the construction of an elevated railway in front of plaintiff's premises, where plaintiff's witnesses testify

that the present value of the premises exceeds their highest value before the construction of the railway, and that since that time there has been an increase in the value of about 75 per cent., and there is no evidence showing the increase during the same time of like values off the line of railway, a judgment for plaintiff cannot be sustained.

Appeal from special term, New York county.

Action by Helen Boetzkes against the Manhattan Railway Company and another to recover damages resulting from the construction of a railway in front of her premises. From a judgment in favor of plaintiff, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

G. T. Aldrich, for appellants.

E. M. Felt, for respondent.

PATTERSON, J.    On the trial of this cause, the court, under the defendants' objection, admitted testimony of one Phillip Gombrecht respecting the change in rental values of premises belonging to him situated near the property of the plaintiff involved in this action. This testimony was of the same character as that condemned by the court of appeals in the recently decided case of Jamieson v. Railway Co., 147 N. Y. 322, 41 N. E. 693. Even if this evidence is to be considered, the judgment of the court below cannot stand.

But we think that there is another ground in the record for the reversal of the judgment, and that arises in connection with the evidence respecting the fee value of the premises in question. Substantially the whole issue as to fee value turned upon the testimony of expert witnesses. The plaintiff was obliged to show either a decline in value of his property after the building of the elevated railway, or that his premises had not shared in the advance of values due to the growth and development of the city, participated in by neighboring properties off the line of the elevated railroad. Two findings of fact were proposed by the defendants, and a request made that they be adopted,—one, that the value of the premises in question was at least $20,000 greater than it was at the period of highest values prior to the building of the defendants' railway; and the other, that the value of the plaintiff's lots, excluding the buildings, was at least $40,000 greater than it was prior to the construction of defendants' railway. If these facts had been found by the learned judge, it seems that they would have compelled a conclusion that there was no real damage to the fee. The testimony of the plaintiff's professional witness is to the effect that there was an increase in the value of the plaintiff's lots from 1877 to the present time of about 75 per cent. The elevated railroad was constructed and put into operation in the year 1878. The evidence does not show anything regarding the increase in values of property off the line of the elevated railroad since it was constructed on Third avenue. We think, therefore, as the case is now presented, the defendants were entitled to the findings of fact

requested to be made, and that, had they been found, the result in the court below would have been different.

Judgment must be reversed, and a new trial ordered, with costs to abide the event.  All concur.