WILLIAM H. PHILLIPS and Others, Respondents, v. THE METROPOLITAN ELEVATED RAILWAY COMPANY and THE MANHATTAN RAILWAY COMPANY, Appellants.

*Suit by trustees in possession against an elevated railroad — ownership of the fee of the street not necessary — objections to evidence.*

Trustees who aver in their complaint that they and another party plaintiff are seized in fee as tenants in common, and who are in possession, of premises which abut upon elevated railroads in the city of New York, in the absence of an objection, either in the record or on the trial, that they had not complete ownership of the premises, or that there is a defect of parties plaintiff, are entitled to maintain an action against such railroads to recover past damages resulting from their maintenance and operation.

An abutting owner, although he has no ownership in fee of the bed of a street, is entitled to recover, from the elevated railroads of the city of New York, damages for easements which have been invaded by the railroads.

Where a party objects to testimony as incompetent for a specified reason, and rests upon the specification, he cannot, upon appeal, question the competency of the testimony upon other grounds.

APPEAL by the defendants, The Metropolitan Elevated Railway Company and another, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 8th day of August, 1895, upon the decision of the court rendered after a trial at the New York Special Term.

*Julien T. Davies, Alexander S. Lyman* and *Henry C. Johnson,* for the appellants.

*John Jay Chapman* and *James B. Ludlow,* for the respondents.

BARRETT, J.:

This action was brought for an injunction and damages with reference to the premises known as No. 59 Murray street in the city of New York. The judgment, which was in the plaintiff's favor, awards $3,500 and interest as alternative to the injunction, and a money judgment of $2,871.72 for past or rental damages. An examination of the record leads us to the conclusion that these awards were reasonable. They were fairly justified by the evidence.

The defendants present three questions of law which will be briefly considered : *First.* They claim that the plaintiffs failed to show upon the trial complete ownership of the premises in suit. To sustain this contention the learned counsel presents an argument based upon the will of Samuel Phillips, the plaintiffs' testator, and the succession of events since its probate. It will not be necessary to pass upon the questions thus discussed, for the reason that they were not presented upon the trial and are not raised in the record. The plaintiffs in their complaint averred that they were seized in fee as tenants in common of the premises in question. They showed in this complaint a perfect title vested as follows: One equal undivided one-eighth part of the premises in fee in the plaintiff William H. Phillips, and the remaining seven-eighths in the plaintiffs William H. Phillips, Edward A. Morrison and Warner Van Norden, as trustees, etc. The defendants in their answer to this complaint failed to aver any defect of parties plaintiff, or to take any objection upon that head. Upon the trial all the facts of which the defend-

ants now seek to avail themselves were brought out, yet no objection was then made to the plaintiffs' title or to their right to maintain the action without bringing in other parties. When the plaintiffs rested, a motion was made to dismiss the complaint upon other and specific grounds. But a defect of title in the plaintiffs was not specified, nor was any point made then or at the close of the case that other parties should have been brought in. It is apparent that the objection now for the first time raised is an afterthought. At all events, as the question was not raised below and is not raised upon the record on this appeal, it cannot properly be considered by the court. It is plain, too, that no injustice can result to the defendants, as the decree expressly provides for conveyances and releases to be executed by all persons who have any interest in or lien upon the premises in suit. As to the past damages, the question sought to be raised is wholly without merit, for the trustees in possession were clearly entitled to maintain the action upon that head.

*Second.* It is also contended that evidence was admitted contrary to the rule laid down in *Jamieson* v. *Kings County El. R. Co.* (147 N. Y. 322). The objections which were taken to this evidence did not, in our judgment, properly raise the question which was presented in the *Jamieson* case. These objections were not upon the specific ground that the facts sought to be adduced by the questions propounded were collateral to the issue, nor was the objection made that it was not the proper mode of proving the course of values. Indeed, the particular testimony to which our attention is called in the defendants' brief does not raise the question at all. For instance, the testimony of Scott was given without objection. The defendants' counsel subsequently moved to strike it out, observing, quite inaccurately, that he could not have previously raised the point. But he certainly could have raised it by an objection to the questions as they were propounded. If, however, his motion to strike out should have been entertained, it was properly denied. That motion was upon the ground of immateriality, the reason why the testimony was immaterial being elaborately stated. There was nothing, however, in this motion which called attention to the objectionable feature condemned in the *Jamieson* case. We need not go over the numerous objections which were interposed in this class of testimony.

In nearly every instance the objection was to the materiality of the evidence. Even when such testimony was objected to as incompetent, as in the case of the witness Stephen, the incompetency was defined as proceeding from the impropriety of a comparison between the rents at the time prior to the elevated railroad and the time subsequent to its coming. In no instance was the objection discussed in the *Jamieson* case squarely presented. Where a party objects to testimony as incompetent for a specified reason, and rests upon the specification, he cannot upon appeal question the competency of the testimony upon other grounds. His real objection was that which was specified, and the claim of incompetency merely crystallizes the specification. The defendants availed themselves of the same class of testimony, and the cause was tried without any effort to exclude such testimony upon the ground that it raised a collateral issue, or that it otherwise infringed upon the rule laid down in the *Jamieson* case.

*Third.* The remaining point presented by the appellants is that the learned trial court erred in excluding what the defendants claimed was a deed of cession from the rector, church wardens and vestrymen of Trinity Church to the mayor, aldermen and commonalty of the city of New York, conveying to the municipality the bed of Murray street. Without considering the question whether this so-called deed of cession was or was not properly executed, or whether it was or was not a mere draft of a proposed concession, it is sufficient to say that the decision was not affected by the admission or exclusion of such an instrument. The plaintiffs did not prove ownership in fee of the bed of the street, nor does the judgment award them fee value or damages in any such right of ownership. Whether they owned the bed of the street or not, they were entitled to the easements, for the invasion of which this action was brought. The judgment finds the value of these easements, and awards damages for their invasion. It finds nothing more. It could have found nothing less had the ownership of the bed of the street been definitely proved to be in the municipality.

The judgment appealed from should be affirmed, with costs.

RUMSEY, PATTERSON, O'BRIEN and INGRAHAM, JJ., concurred.

Judgment affirmed, with costs.