This suggestion is only attacking the propriety of the test which the legislature has established to determine whether or not the moral qualifications exist; and it might as well be said that the test provided for in Dent v. West Virginia, supra, was not a perfect test, because a practice of five years in a large city would better qualify a person for the practice of medicine than a ten-years practice in a country district. It was for the legislature to establish the test, and, as long as it had a reasonable connection with the object sought to be attained (that is, the qualification of the physician), its discretion is not subject to review. It certainly seems to me to be a not unreasonable test of the moral qualification of a man who is to be admitted to the intimate relation that must exist between a patient and a physician, that it should not appear by his past life that he had been guilty of a serious crime. As was stated by the court of appeals in the case of People v. Havnor, 149 N. Y. 201, 43 N. E. 541:

"When thus exercised, even if the effect is to interfere to some extent with the use of the property or the prosecution of a lawful pursuit, it is not regarded as an appropriation of the property, or an encroachment upon liberty, because the preservation of order and the promotion of the general welfare, so essential to organized society, of necessity involve some sacrifice of natural rights."

I think the legislature had the power to say that a person who had been convicted of a felony did not have the necessary qualifications to practice medicine within this state, and that, therefore, the judgment should be affirmed.

---

CARROLL v. NEW YORK EL. R. CO. et al.

(Supreme Court, Appellate Division, First Department. February 5, 1897.)

STIPULATIONS—TESTIMONY TAKEN IN ANOTHER CASE—OBJECTIONS TO ADMISSIBILITY.
　　A stipulation that either party may read in evidence such portions of the testimony in another action as counsel may desire does not make exceptions taken in the other action to rulings on the admission of the testimony so read available on appeal in the action in which the testimony was read. Van Brunt, P. J., dissenting.

Appeal from judgment on report of referee.

Action by Royal Phelps Carroll against the New York Elevated Railroad Company and the Manhattan Railway Company for an injunction and damage by reason of the construction and operation of defendants' elevated railroad in front of plaintiff's premises, at No. 161 Pearl street, New York City. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Sherrill Babcock, for appellants.
Flamen B. Candler, for respondent.

INGRAHAM, J. The appellants call our attention to what they allege to be rulings of the referee in the admission of testimony which they claim violates the rule laid down in the case of Jamieson v. Railway Co., 147 N. Y. 322, 41 N. E. 693, and ask us to reverse the judg-

ment on account of such rulings. The case was tried before a referee, and, before the commencement of the trial, the parties stipulated "that either party may read in evidence such portions of the testimony taken in the case of William F. Douglas against the New York Elevated Railroad Company and the Manhattan Railway Company [41 N. Y. Supp. 1113], excepting the testimony of the experts therein, as counsel may desire." In pursuance of that stipulation, both sides read the testimony of a large number of witnesses taken in the Douglas Case. The record where any of this testimony was read in from the Douglas Case is as follows:

"Plaintiff's counsel reads in evidence the following testimony, taken from the case of William P. Douglas vs. The New York Elevated Railroad Company and Another: The testimony of Herbert C. Plass, read in by plaintiff's counsel, as follows: Herbert C. Plass, a witness called in behalf of the plaintiff, being duly sworn, testified as follows."

Then a series of questions and answers is given, interspersed with objections which are stated to have been taken by counsel for the defendant. Conceding that some of these objections, while not calling the attention of the referee to the rule applied in the Jamieson Case, did present the question as to the competency of the evidence under the pleadings, we do not think that there is anything in the record to show that the objections interposed by the defendants to the specific questions asked in the Douglas Case were submitted to the referee in this case, or that he made any ruling upon such objections. Nor did the stipulations under which this testimony was read reserve the right of either party to object to such testimony, or provide that objections which had been taken and passed upon by the referee in the Douglas Case should be considered as objections and rulings made in the case at bar. The fact that counsel have stipulated that testimony which has been taken in one case be read as testimony in the other does not make the ruling of the court or referee in the case in which the testimony was taken rulings of the court or referee trying the case in which the testimony is read. Questions as to the competency of any particular evidence, and its relevancy, must depend upon the issues presented by the pleadings, and the condition of the proof in the particular case in which the evidence is offered. It could not be presumed that the parties intended, when such a stipulation as was made in the present case was entered into, that all rulings as to competency of testimony made by the court or referee in which the testimony was taken, and which presented different issues, could be considered as applicable to the testimony when read in another case. The stipulation is absolute that either party may read in evidence such portions of the testimony taken in the Douglas Case, excepting the testimony of the experts, as counsel may desire. Such a stipulation is inconsistent with the claim that such testimony, which it is stipulated that either party may read, is incompetent or immaterial under the pleadings. Where such a stipulation is made, applying generally to all the testimony taken in a particular action, it must be presumed that the counsel considered and treated it for the purpose of that trial as competent and material, and either party had the right to read such portions of it as he desired. To

say that upon an appeal the defeated party could claim that because a referee on a former trial had made an error in deciding that the evidence was competent in the case in which the evidence had been taken, or that had the referee, in the case in which the evidence was read, passed upon the question as to whether the evidence was competent or material in such case (as did the referee in the action in which the testimony was taken), it was error, and required a reversal of the judgment, would seem to be entirely inconsistent with the intention of the parties, as evidenced by their stipulation, and would be most unfair to the referee, and to counsel for the successful party, in making the judgment depend upon rulings not made by the referee in the trial of this case, and for which neither he nor the counsel for the plaintiff was responsible. As a matter of fact, it is quite clear that neither party had in mind the particular rule which was applied in the Jamieson Case. This case was tried before the Jamieson decision was announced. The records of the court show that, prior to the announcement of that decision by the court of appeals, the parties to this elevated railroad litigation had not applied, in any of the cases, that rule; but these cases were largely tried upon the evidence of the value, both fee and rental, of particular adjacent properties, both on the same street as that of the plaintiffs, and on adjoining streets; and that it is quite evident that counsel for the defendant did not wish in this case to rely upon the objections to the testimony as applied in the Jamieson Case would appear from the fact that this form of objection was not taken to any questions asked of witnesses actually examined in this case. To none of these questions, calling for either the rent received or the sales of property, other than that described in the complaint, was the objection applied in the Jamieson Case, or the objection that the testimony was incompetent for that reason, or was not within the issues taken.

Much of the testimony offered by the plaintiff's experts was objected to, but in no instance to which our attention has been called, or that we have been able to discover, after a careful examination of the record, was any objection taken on the ground that the witness was testifying as to collateral issues, or that such testimony was not within the issues in this case. It seems to us quite clear that neither of the parties upon the trial of this action had in mind the rule applied in the Jamieson Case; that they did not as a fact, nor did they intend to, take the objection that the testimony as to the rental or fee value of other specific property was incompetent for any purpose; but that it was the intention of both parties to rely upon such evidence in determining the questions at issue. We have carefully gone over this record, however, and considered the testimony taken before the referee, having eliminated all the testimony which was incompetent within the ruling of the Jamieson Case, and after thus eliminating such incompetent testimony, even where it was not properly objected to, we think that the finding of the referee is amply sustained by the evidence. The property was in a business part of the city, upon a narrow street, with this defendant's road running close to the front of the building. The locality of the property, the use to which it is applicable, and the proximity and location of the

defendant's road, are all to be considered by the trial court in determining the amount of damage sustained by the use of the street, whereby there has been a trespass upon the plaintiff's property, and an appropriation of his easement. That the evidence shows that such injury is serious is perfectly apparent; and we do not think that we would, upon any view of the case, be justified in putting the parties to the expense of a new trial, where, eliminating all of the incompetent testimony, we can see that the injury inflicted upon the plaintiff's property was serious, and that the award which was made, considering all the circumstances, was moderate.

The judgment should therefore be affirmed, with costs.

WILLIAMS, PATTERSON, and O'BRIEN, JJ., concur.

VAN BRUNT, P. J.   I dissent. The exceptions were duly before the court. It is plain that that was the understanding of the court and counsel. They were then considered by plaintiff to be valueless, and, although he was mistaken, there is no reason for depriving the appellant of the ruling.