(14 App. Div. 595.)

PHILIPS et al. v. NEW YORK EL. R. CO. et al.

(Nos. 2, 3, 5.)

(Supreme Court, Appellate Division, Second Department. March 2, 1897.)

DEFECT OF PARTIES—WAIVER.
    A defect of parties plaintiff is waived by failure to raise the objection in the trial court. 42 N. Y. Supp. 33, followed.

Appeal from special term, New York county.
Transferred from the First department.
Actions by William H. Philips, individually and as an executor, and others, executors of the will of Samuel Philips, deceased, against the New York Elevated Railroad Company and another, for an injunction and damages by reason of the construction and operation of the defendants' elevated railroad in front of plaintiffs' premises. From a judgment in favor of plaintiffs in each case, defendants appeal. Affirmed in actions Nos. 2 and 5. Modified in action No. 3.
    Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Howard McWilliams, for appellants.
James B. Ludlow, for respondents.

PER CURIAM. These are the usual abutters' actions against the elevated railroad for rental and fee damages. The objection that the plaintiffs cannot maintain the action for fee damages because as to seven undivided eighths of the premises they have not a title in fee, but only as to each eighth an estate for the life of the beneficiary of the trust, has been disposed of adversely to the defendants by the decision of the appellate division of the First department, which held that the point was not properly raised on the trial. Philips v. Railway Co. (Sup.) 42 N. Y. Supp. 33. That decision is conclusive upon us, and we follow it the more readily since

no substantial injury is occasioned the defendants by any technical defects in the plaintiffs' title.    Though the plaintiffs may not have a title in fee simple absolute, still, as donees of the power of sale contained in their testator's will, they can convey an absolute title to the defendants.    These cases were tried before the decision of the court of appeals in Jamieson v. Railway Co., 147 N. Y. 322, 41 N. E. 693, and it is conceded that the testimony admitted in the case, which perhaps might offend against the rule laid down in the Jamieson Case, was received without objection by either party.    Therefore there remains to be considered by us only the correctness of the determination of the trial courts that the premises of the plaintiffs suffered damage both in rental value and in fee value from the construction and operation of defendants' railroad.    The evidence shows the wide divergence of opinion on the part of experts that characterizes the trials of this class of cases.    We can say no more on the subject than that, though it is possible, if the cases were before us originally, we might doubt whether any damage had been caused by defendants' railroad, we are not justified in reversing the decision of the trial courts to the contrary.    To justify such action it is not enough that we differ from those courts.    It must be clearly shown that the courts below erred.    The property in these three cases is all of the same general character, and substantially in the same general location, being on Third avenue, in the city of New York, between Fifty-Ninth and Seventieth streets.    Three learned justices, with vast experience in the disposition of cases for damage occasioned by elevated railroads, have reached the conclusion that the plaintiffs' premises have been injured.    We should hesitate to disturb their judgment.    But there seems to be a marked difference in the amount awarded in action No. 3 for damages to premises 1001 Third avenue and those awarded in the other cases. In the other cases the damages awarded by Justice Andrews and Justice Patterson were substantially at the rate of $50 a foot front. In the case of No. 1001 Third avenue the damages awarded are nearly double that rate.

We are of the opinion that in action No. 3 the judgment should be reversed, and a new trial granted, costs to abide the event, unless the plaintiffs stipulate to reduce their recovery to $900 for fee damages and to $600 for rental damages.    If so reduced, the judgment should be affirmed, without costs.    In actions Nos. 2 and 5 the judgments appealed from should be affirmed, with costs.