EMMA B. LEVIN, Respondent, *v.* THE NEW YORK ELEVATED RAILROAD COMPANY et al., Appellants.

1. ELEVATED RAILROAD — WHEN TITLE SUFFICIENT TO SUPPORT ACTION FOR AN INJUNCTION AND DAMAGES. Where, at the time of the trial and of the rendition of the decree in an action against an elevated railroad for an injunction and damages, there has been a continuous possession and occupation by the plaintiff and her predecessors in title of the premises under a written instrument for some forty-seven years and a record title by metes and bounds for some twenty-eight years, the decree cannot be assailed upon the ground that the plaintiff had no record title, and, therefore, could make no effective conveyance.

2. EVIDENCE — CROSS-EXAMINATION OF EXPERT AS TO INCONSISTENT OPINIONS. In such an action, where an expert upon cross-examination has testified that the value of the premises in question is the same as that of premises upon the opposite corner, it is legitimate cross-examination to call for an explanation as to an apparent inconsistency between that opinion and one expressed by him upon the trial of an action to recover damages to such corner.

3. WHEN INQUIRY UPON DIRECT EXAMINATION RAISES NO COLLATERAL ISSUES AS TO SEPARATE PARCELS OF PROPERTY. An inquiry upon direct examination, calling for the opinion of an expert as to the general course of values of what has been shown to be a certain class of real property in the vicinity, is not within the rule prohibiting a procedure of proof wherein collateral issues are raised as to separate parcels of property.

*Levin* v. *N. Y. El. Ry. Co.*, 38 App. Div. 640, affirmed.

(Argued December 11, 1900; decided February 5, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 16, 1899, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edward C. James, Julien T. Davies, J. Osgood Nichols* and *Charles A. Gardiner* for appellants. The trial judge erred in admitting proof of the value of specific property other than that in suit. (*Matter of Thompson,* 127 N. Y. 463; *Huntington* v. *Attrill,* 118 N. Y. 365; *Gouge* v. *Roberts,* 53 N. Y. 619; *Blanchard* v. *N. J. S. Co.,* 59 N. Y. 292; *Jamieson* v. *K. C. El. Ry. Co.,* 147 N. Y. 322; *City of Chicago* v. *Baker,* 86 Fed. Rep. 753; *Whitmark* v. *N. Y. El. R. R. Co.,* 149 N. Y. 393; *Charman* v. *Hibbler,* 43 App. Div. 449; *Colton* v. *N. Y. El. R. Co.,* 28 N. Y. Supp. 149; *Thompson* v. *Boston,* 148 Mass. 387.) The plaintiff has failed to establish a title to the property in suit. (*Skelly* v. *Met. El. Ry. Co.,* 1 App. Div. 51.) The trial judge erred in his rulings upon the admission and exclusion of evidence. (*Lazarus* v. *Met. El. Ry. Co.,* 5 App. Div. 402; *Shepard* v. *Met. E't. Ry. Co.,* 48 App. Div. 456.)

*J. Aspinwall Hodge, Jr., Edward B. Whitney* and *Newell Martin* for respondent. Plaintiff showed good title to all the property described in the complaint. (Sedgw. & Wait on Trial of Title, §§ 718, 792, 800 ; 2 Greenl. on Ev. [16th ed.] § 304.) None of the defendants' exceptions are tenable. (*Koehler* v. *N. Y. El. R. R. Co.,* 159 N. Y. 218.)

GRAY, J. This was an equitable action, brought by the plaintiff to restrain the operation of the defendants' elevated railway in Pearl street, in the city of New York, in front of her properties, known as Nos. 78 and 80 Wall street and No. 158 Pearl street, unless compensation be made for the appropriation of easements and wherein she asked for the rental damages sustained in the past. The properties formed the northeast corner of Wall and Pearl streets; the building on the Pearl street lot having been united with the building on the Wall street lots, so as to give a common frontage upon the latter street. The plaintiff recovered, in the usual form of judgment against the defendants, in the alternative, awarding rental damages and fixing the fee damage, or compensation, to be paid to avoid the issuance of the injunction, and the judgment was affirmed at the Appellate Division. Upon this appeal, the questions presented concern the finding as to the plaintiff's title and certain exceptions to rulings of the trial judge.

The contention as to the title relates to the rear of the lot known as No. 78 Wall street, as to an irregular portion of which it is said that the plaintiff proved no record title and can, therefore, make no effective conveyance. Prior to the year 1870, there was not shown to be a title of record to this irregular piece of land by metes and bounds; but possession was shown from 1851, when the Seamen's Bank for Savings acquired the property. In that year, the building now upon Nos. 78 and 80 Wall street, was erected and when, in 1871, the Seamen's Bank conveyed the property to the Marine Bank, the deed of conveyance included the irregular plot in question by metes and bounds. In the deed to the Seamen's Bank of

lot No. 78, in 1851, the description contained this clause : " it being intended to convey by these presents all right, title and interest in and to the said premises as the same are now in possession." A diagram in a deed, recorded in the register's office in 1818, was then put in evidence, which showed this irregular piece of land as a portion of No. 78 Wall street. A possessory title was thus shown from 1851 and a record title by metes and bounds from 1871. The defendants commenced the operation of their railway in Pearl street in 1878 and, at that time, the title to the premises had been one of record for seven years. At the time of the trial and of the rendition of the judgment, there had been a continuous possession and occupation by the plaintiff and her predecessors in title of the premises, under a written instrument, for some forty-seven years and a record title, by metes and bounds, for some twenty-eight years. In that situation, and under the circumstances, I think the plaintiff was entitled to maintain her action and that the decree rendered is unassailable upon the ground taken. (*Gardner* v. *Heart*, 1 N. Y. 528.)

The appellants contend that there was error committed by the trial judge in the reception of evidence, upon the cross-examination of the defendants' witness Meyer. Meyer had been examined for the defendants, as an expert witness upon realty values, and, upon his cross-examination, testified that " the four corners of Wall street are an equality. The O'Sullivan corner and this corner are sister values. It is the opposite corner. In 1896 I testified in reference to the property opposite, the O'Sullivan property. I gave the value of the O'Sullivan property in 1873 at $235,000, while I gave the value of the plaintiff's property, to-day; as $220,000 in 1873." Plaintiff's counsel then proceeded to question him as to why he put a higher value on the O'Sullivan property, than on the plaintiff's, in 1873, in view of what he had said about the street corners, and he was asked as to the separate values of the buildings and the land. Then he was asked the following questions : " In the O'Sullivan case did you not testify that the O'Sullivan property was, without the buildings, worth,

in 1896, $235,000 ? A. I do not recollect it. Q. What was its value without the buildings in 1873 ? Defendants' counsel: I object to the valuation of other specific property on the line of the elevated railroad as contravening the rule in the *Jamieson* case. The court allowed the question on cross-examination. Defendants' counsel excepts. A. I should say it was worth about the same without the buildings, $190,000. Q. You think the O'Sullivan building was worth $40,000 in 1873 ? A. They were pretty good buildings in 1873. Q. I asked you whether you thought they were worth $40,000 ? Same objection by defendants' counsel. Same ruling and exception. A. They were worth that for renting capacity, Yes." The effort, generally, as in this instance, of the plaintiff's counsel was to affect the credibility of the witness. I think the question was in legitimate cross-examination of the witness, to make him explain what appeared inconsistent in his opinion as to the values of two properties, similarly situated and which he had spoken of as "sister values." The rule of evidence, asserted in *Jamieson* v. *K. Co. El. Ry. Co.* (147 N. Y. 322), was that the direct examination of witnesses in these cases should be confined to showing what was, in their opinion, the general course and current of values, "leaving to a cross-examination any inquiry into specific instances, if such be deemed essential." In view of what the witness Meyer had previously testified to upon the subject of values, his cross-examination was quite proper and the question objected to was not within the condemnation of any principle of the law of evidence, in my judgment.

Another error, which the appellants argue, as having been committed upon the trial, was with respect to the examination of the witness Read ; an expert called by the plaintiff upon the question of values. He had been examined as to the general course of values of property in the neighborhood and he had testified that it had been upward, except in the immediate vicinity of this building and upon Pearl street. He testified, without objection, that "there is a special value in a Wall street corner, as distinct from the values of the

inside lots on Wall street. Since 1878 there has been no increase in the value of the Wall street corners on Pearl street. There has been a decrease. Q. To what extent? A. Nearly fifty per cent." He was then asked the question: " Take the Wall street corners near Broadway, namely Hanover, William, Nassau and Broad — what in your opinion has been the course of values of those corners?" To this question the defendants' counsel objected, upon the grounds that those corners " were out of the neighborhood" and that " the inquiry as to these other Wall street corners calls for specific property " and " raises a collateral issue under the ruling in the *Jamieson* case." The court admitted the testimony and the witness answered: " It has been upward." He was then asked as to the percentage of increase, since 1878 to the present time, and, under the same objection by the defendants' counsel, the witness was permitted to answer: " Considerably more than one hundred per cent." Subsequently, the same evidence as to the values of Wall street corners was furnished by the defendants' witness, Fish, upon his cross-examination, without objection. But I think there was no violation of the so-called rule in *Jamieson's* case, in allowing this testimony of the witness Read. It called for the opinion of a person, competent to speak upon the subject, as to the general course of values of what had been shown to be a certain class of real property in the vicinity. The decision in the *Jamieson* case announced no new principle of the law of evidence. It, merely, applied to these cases a rule already established ; which condemned a procedure of proof wherein collateral issues are raised as to separate parcels of property in the vicinity. When it is duly objected to, the objection cannot be disregarded. The party complaining of damage to his property by the defendants' acts may prove it by showing that, by reference to the general course of values in property situated in the neighborhood, his property has suffered, either by actual depreciation, or by failing to share equally in the benefits accruing generally to the vicinity in an appreciation of values. This principle, in the recovery of judgments in

73

these cases, has been so frequently sustained, that further discussion seems unnecessary. (See *Storck* v. *Met. El. Ry. Co.*, 131 N. Y. pp. 519, 520.) The question objected to raised no collateral issues as to separate, or specific, parcels of property. It was confined to ascertaining a general course of values and neither tended to unduly enlarge the field of judicial inquiry, nor introduced facts irrelevant to a proper decision of the issue.

No other questions were pressed upon us, nor demand consideration upon this appeal.

The judgment should be affirmed, with costs.

PARKER, Ch. J., O'BRIEN, LANDON, CULLEN and WERNER, JJ., concur; HAIGHT, J., not voting.

Judgment affirmed.